## MAYO *et al. v.* HARRISON *et al.*

FISH, C. J. 1. A testator died in 1865, leaving a will which contained the following item: "I give and bequeath to my beloved wife Sarah all the remainder of my estate, both real and personal, 405 acres of land whereon she now lives, three head of horses, my stock cattle and one yoke of work steers and cart, and all my hogs, household and kitchen furniture,

47

and all of my farming implements, and any other thing or things that are mine, to be hers and at her own disposal during her natural life or so long as she remains my widow, at the expiration of which term all of my .estate then remaining to be equally divided among my remaining children, only the part that may be coming from their grandfather's estate which I desire to be equally divided among my six youngest children." *Held*, that the will conferred upon the widow of the testator, during her life or widowhood, power to convey in fee any part of his estate; and that a purchaser from her who took a conveyance of land in fee simple under such power was not subject to be evicted, after her death, by the children of the testator. The language, "I give ·and bequeath unto my beloved wife  .  .  *all the remainder of my estate,*  .  . to be hers *and at her own disposal* during her natural life or so long as she remains my widow, at the expiration of which term *all of my estate then remaining to be equally divided* among my remaining children," indicates the intent of the testator to confer an absolute power of sale on the wife so long as she lived and remained a widow, and to exclude the children from any claim on the property so sold, leaving that part of the testator's estate which might remain at the termination of the life-estate to be divided among the children. The decision in *Broach* v. *Kitchens,* 23 *Ga.* 515, was based on the fact that the item of the will giving the widow a life-estate, and the power to dispose of and enjoy the property so given as she might think fit, was followed by an item inconsistent with power in her to convey the fee in such property.

2. Where the widow of the testator sold the land mentioned in the will and made a conveyance thereof in fee simple, with warranty of title, and evidence was introduced tending to show that the price paid was the value not merely of the life-estate, but of the fee-simple estate, there was no error, as against those claiming as remaindermen under the will, in charging, in effect, that if the jury found from the facts and circumstances shown by the evidence, taking into consideration the deed in its entirety and all the other facts and attendant circumstances, that the grantor executed the deed in pursuance of and by virtue of the power and authority conferred upon her in the will to sell and dispose of the land, and so intended, the title thus conveyed would be good as against the claim of title by the remaindermen under the will. *Terry* v. *Rodahan,* 79 *Ga.* 278 (5 S. E. 38, 11 Am. St. R. 420); *Mahoney* v. *Manning,* 133 *Ga.* 784 (66 S. E. 1082); *Roberts* v. *Lewis,* 153 U. S. 367 (14 Sup. Ct. 945, 38 L. ed. 747); *South* v. *South,* 91 Ind. 221 ·(46 Am. Rep. 591); *Matthews* v. *Capshaw,* 109 Tenn. 480 (72 S. W. 964, 97 Am. St. R. 854); 22 Am. & Eng. Enc. L. 1112 (4); 31 Cyc. 1122, et seq. The dictum in *Wetter* v. *Walker,* 62 *Ga.* 145, to the effect that a conveyance by a life-tenant with power to sell would be limited to the conveyance of the life-estate, was expressly disapproved in *Weed* v. *Knorr,* 77 *Ga.* 647 (1 S. E. 167).

3. The verdict was supported by the evidence; the preceding rulings are controlling as to the substantial questions of law involved; and none of the other grounds of the motion for a new trial requires a reversal.

*Judgment affirmed. All the Justices concur.*

JULY 13, 1910.

Ejectment. Before Judge Martin. Johnson superior court. June 25, 1909.

*Daley & Daley* and *Hines & Jordan,* for plaintiffs.

*William Faircloth, R. L. Gamble, J. R. Lamar, T. E. Ryals,* and *J. L. Kent,* for defendants.