## NORT *et al.* v. HEALY REAL ESTATE & IMPROVEMENT COMPANY.

1. Margaret Nort by a deed of gift conveyed to her sons, Peter Nort and John Nort, and to Charles Beerman, as trustee, their heirs and assigns, certain described realty, "together with the understanding herein expressed that the interest hereby granted, bargained, given and conveyed, as aforesaid, shall be one third of said bargained premises as the interest of said Peter Nort, and one third to John Nort, and the remaining one-third interest to Charles Beerman, to be held by him in trust for said minor children, Margaret, Henry, and Mary Beerman; the aforesaid one-third interest of said lot conveyed to John Nort shall be during his natural life and after his death to his children, and if he should die without children, one half of his one-third interest shall go to his brother, Peter Nort, and the remaining one half of his interest to Margaret, Henry, and Mary Beerman. This shall not prevent the said John Nort from selling his portion of said city lot, and using the interest of the proceeds thereof; but the corpus shall descend as heretofore stated." Charles Beerman as trustee was authorized by the deed "to sell the above-described portion of his three children," and pay over the proceeds to them as they respectively arrive at the age of 21 years. The said deed contained the usual warranty clause. *Held,* that under said deed John Nort took a life-estate in the property conveyed, with power to sell and convey in fee simple the entire estate in the one-third interest of which he was life-tenant.

2. In a deed executed subsequently John Nort sold and conveyed to Charles Nort, his heirs and assigns, "all and entire my one-third undivided interest in and to the land deeded to me on the 15th day of September, 1874, by Margaret Nort [this being the deed referred to in the preceding headnote], and described as follows: [Here follows the description set forth in the foregoing deed.] To have and to hold the said bargained premises, with all and singular rights, members, and appurtenances thereto, the same being, belonging, or in any wise appertaining, to the only proper use, benefit, and behoof of him the said Charles Nort, his heirs, executors, administrators, and assigns, in fee simple. And the said John Nort, his heirs, executors, and administrators, the said bargained premises unto the said Charles Nort, his heirs, executors, and administrators and assigns, against the said John Nort, his heirs, executors, and administrators, and all and every other person or persons, shall and will warrant and forever defend by virtue of these

presents." *Held*, that this deed was an exercise of the power of sale contained in the deed of Margaret Nort, conveying the one-third interest in the land of John Nort, and conveyed a fee-simple interest to the grantee named in this last deed, thereby divesting the children of John ·Nort of their remainder interest in the property.

3. The court, upon review of the case of *Mahoney* v. *Manning*, 133 *Ga.* 784 (66 S. E. 1082), declines to overrule the decision in that case.

MAY 11, 1911.

Equitable petition. Before Judge Bell. Fulton superior court. January 29, 1910.

The surviving children of John Nort, deceased, and his grandson, who is the only child of his daughter Margaret, deceased, brought their petition against the Healy Real Estate & Improvement Co., alleging that the defendant is in possession and control of certain described real estate in the City of Atlanta in which petitioners claim an undivided one-third interest, and praying for an accounting between petitioners and the defendant, for a judgment in favor of petitioners for such sums as may be due them as tenants in common with defendant, and that petitioners be decreed to be the owners of an ·undivided one-third interest in the property referred to. Attached to the petition is a copy of a deed of gift from Margaret Nort, the mother of John Nort, deceased, dated September 15, 1874, covering the property in controversy, and which contains the following language:

"That the aforesaid Margaret Nort, for and in consideration of the love and affection which she bears to her sons, Peter and John Nort,. and to Margaret Beerman, Henry Beerman, and Mary Beerman, the children of her deceased daughter Julia Beerman, has granted, given, and conveyed, and by these presents doth grant, give, and convey to the said Peter Nort, John Nort, and Charles Beerman as trustee for his children, the said Margaret, Henry, and Mary Beerman, their heirs and assigns, all that tract or parcel of land lying and being in the City of Atlanta, County and State aforesaid, and known and distinguished in the plan of said city as part of city lot No. 42, containing 75 ft. front and running back to the right of way of the Western and Atlantic Railroad 200 ft., being the house and lot whereon said Margaret Nort and Charles Nort now reside, together with the understanding herein expressed, that the interest hereby granted, bargained, given and conveyed, as aforesaid, shall be one third of said bargained premises as the interest of said Peter Nort, and one third to John Nort, and the

remaining one-third interest to Charles Beerman, to be held by him in trust for said minor children, Margaret, Henry, and Mary Beerman; the aforesaid one-third interest of said lot conveyed to John Nort shall be during his natural life and after his death to his children; and if he should die without children, one half of his one-third interest shall go to his brother, Peter Nort, and the remaining one half of his interest to Margaret, Henry, and Mary Beerman. This shall not prevent the said John Nort from selling his portion of said city lot, and using the interest of the proceeds thereof; but the corpus shall descend as heretofore stated. Charles Beerman as trustee is also authorized to sell the above-described portion of his three children, Margaret, Henry, and Mary, and pay over the proceeds thereof to them when they respectively arrive at the age of twenty-one years; if not sold before the children arrive at the age of twenty-one, said trustee shall control their interest for them; but when they arrive of full age each, they can control it themselves, that is to say that each child can control his own part when it arrives at age. To have and to hold said tract or parcel of land unto them the said Peter Nort, John Nort, and Charles Beerman as such trustee under the conditions aforesaid, together with all of the rights and appurtenances thereof to the same in any manner belonging, to them and their own proper use, benefit, and behoof, under the conditions aforesaid; and the said Margaret Nort for herself, heirs, executors, and administrators, the said bargained premises unto the said Peter Nort, John Nort, and Charles Beerman as trustee as aforesaid, their heirs and successors, will warrant and forever defend the right and title thereof against herself and all other persons whatever."

It is alleged in the petition that John Nort, one of the grantees named in the foregoing conveyance, executed a deed of conveyance to Charles Nort, a copy of which is attached to the petition, and which contains the following language:

"That the said John Nort, for and in consideration of the sum of six hundred ($600) dollars in hand paid, at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, and conveyed, and by these presents doth grant, sell, bargain, and convey unto the said Charles Nort, his heirs and assigns, all and entire my one-third undivided interest in and to the land deeded to me on the 15th day

of September, 1874, by Margaret Nort, and described as follows: [Here follows the description set forth in the foregoing deed.] To have and to hold the said bargained premises, with all and singular rights, members, and appurtenances thereto, the same being, belonging, or in any wise appertaining, to the only proper use, benefit, and behoof of him the said Charles Nort, his heirs, executors, administrators, and assigns, in fee simple. And the said John Nort, his heirs, executors, and administrators, the said bargained premises unto the said Charles Nort, his heirs, executors, and administrators and assigns, against the said John Nort, his heirs, executors, and administrators, and all and every other person or persons, shall and will warrant and forever defend by virtue of these presents."

It is shown in the petition that Charles Nort conveyed the one-third interest last described, and that by successive transfers this and the other two-thirds interest were conveyed finally to the Healy Real Estate & Improvement Co. In an amendment to the petition it is alleged that the consideration flowing from Charles Nort to John Nort, to wit: six hundred dollars, was totally inadequate to represent the then value of an undivided one-third interest in and to the title in fee of said property, which was well worth eighteen hundred dollars, and that the life-estate alone in a one-third undivided interest in the property was, at the time of the conveyance by John Nort to Charles Nort, worth six hundred dollars.

The defendant filed a general demurrer to the petition, which was sustained, and the plaintiffs excepted.

*F. M. Hughes* and *R. B. Blackburn,* for plaintiffs.

*John L. Hopkins & Sons,* for defendant.

BECK, J. (After stating the foregoing facts.)

1. Giving effect to the plain import of the language used by the grantor, Margaret Nort, in her deed of gift to Peter Nort, John Nort, and Charles Beerman, trustee for his minor children, so far as relates to the portion of the property conveyed to the grantor's son, John, the latter was given a one-third interest or portion, with remainder over, with a power to sell the fee. In the first part of the granting clause, after the use of apt words of gift and conveyance of the entire property embraced in the deed, and in the same sentence, the grantor employs language defining and limiting the interest of the grantees, as follows: "with the understanding herein

expressed that the interest hereby granted, bargained, given and conveyed, as aforesaid, shall be one third of said bargained premises as the interest of said Peter Nort, and one third to John Nort [the ancestor of the plaintiffs], and the remaining one-third interest to Charles Beerman, to be held by him in trust for said minor children, Margaret, Henry, and Mary Beerman; the aforesaid one-third interest of said lot conveyed to John Nort shall be during his natural life and after his death to his children; and if he should die without children, one half of his one-third interest shall go to his brother, Peter Nort, and the remaining one half of his interest to Margaret, Henry, and Mary Beerman. This shall not prevent the said John Nort from selling his portion of said city lot and use the interest of the proceeds thereof; but the corpus shall descend as heretofore stated." Clearly, however inartificially it may be expressed, an intention of the donor to give a power to sell the one-third portion of the property conveyed to John Nort for life, with remainder over, is revealed in the language quoted. Unless the provision, "This shall not prevent John Nort from selling his portion . . and use the interest of the proceeds thereof, but the corpus shall descend as heretofore stated," is construed as giving to John Nort a power to sell the fee, this part of the deed is entirely idle and nugatory; for without authority from the grantor he would have had the right to sell and convey his life-estate, which is created by a preceding clause of the deed. By the use of the provision last quoted it is the manifest intention of the donor to create in the life-tenant a power not inherent in him as a tenant for life merely. And while the donor did not undertake to safeguard the corpus by the creation of a trust for its management and control, she did expressly stipulate that the corpus should descend "as heretofore stated," that is, to the children of John Nort, giving to John Nort himself the right to use the interest of the proceeds of the sale of his portion of the lot of land conveyed by the grantor, Margaret Nort. The expression, "use the interest of the proceeds thereof," is not only consonant with the construction we have placed upon the deed, rendering harmonious all of the provisions thereof, but it utterly contradicts the contention of the plaintiffs to the effect that John Nort took only a life-estate without a power of sale of the fee. The similarity in the language conferring authority upon John Nort to sell and upon Charles Beerman as trustee to sell the

"portion of his three children" for the purpose of dividing the proceeds among them may also be considered in aid of the construction which we have given to that part of the deed under consideration, if any further argument is necessary to make it conclusive.

2. Having decided that the deed from Margaret Nort conferred upon John Nort authority to sell the fee of his interest or portion of the land, we still have left open the other question, that is, as to whether John Nort exercised that power in the execution of his deed of conveyance to Charles Nort. If from the language of the latter deed, without the aid of extraneous circumstances, it can be gathered that it was the intention of the grantor to execute a power of sale and that his deed was made in execution of that power, then the court below properly sustained the demurrer of the defendant and dismissed plaintiffs' action.

In the case of *Mahoney* v. *Manning,* 133 *Ga.* 784 (66 S. E. 1082), it was said: ' "The principle enunciated in Sir Edward Clere's case is said to be the technical rule, which is thus stated in 4 Kent's Com. § 234: 'The general rule of construction both as to deeds and wills is that if there be an interest and power existing together in the same person over the same subject, and an act be done without particular reference to the power, it will be applied to the interest and not to the power. If an act will work two ways, the one by an interest and the other by a power, and the act be indifferent, the law will attribute it to the interest and not to the authority.' " Mr. Justice Evans, who delivered the opinion in the *Mahoney* case, referring to the contention of one of the parties to that case, that the strict technical rule obtains in this State, examined and discussed the prior cases decided in this court bearing upon that question; i. e., *Terry* v. *Rodahan,* 79 *Ga.* 278 (5 S. E. 38, 11 Am. St. R. 420), *Lee* v. *Giles,* 124 *Ga.* 494 (52 S. E. 806), *Middlebrooks* v. *Ferguson,* 126 *Ga.* 232 (55 S. E. 34), *Clarke* v. *Land Company,* 113 *Ga.* 22 (38 S. E. 323), *Holder* v. *American Investment Co.,* 94 *Ga.* 640 (21 S. E. 897), and *New England Mortgage Co.* v. *Buice,* 98 *Ga.* 795 (26 S. E. 84); and as a part of the discussion said: "These are the only cases which directly bear upon the subject we have in hand. In none of them was the rule we are following in this case rejected, but on the contrary, though recognizing its principle, its application was denied because neither of the instruments made any reference to the will which was the source of

title and conferred the power. This negative pregnant is especially significant when we consider the throes through which other courts have gone in an effort at rationalization of the austere technical rule promulgated in Sir Edward Clere's case. We take these cases to mean, if there had been a reference to the conveyance conferring the power, that such reference would evince an intention to execute the power, and would be so construed. So that we conceive the rule of law, as expressed in these cases, to be, that in order for an instrument to be effective as an execution of a power, where the maker is the owner of an interest in the land conveyed and also of a power to convey the fee, the recitals in the instrument must either expressly refer to the power, or by necessary implication clearly indicate that an execution of the power is intended." See also the case of *Mayo* v. *Harrison,* 134 *Ga.* 736 (68 S. E. 497). In the present case, upon examination of the deed from John Nort to Charles Nort, there is a reference to the deed of Margaret Nort, which contains the power of sale, and in addition to this reference to the instrument conferring the power we find in the deed of John Nort clear indications that he exercised and intended to exercise the power of sale by executing the deed to Charles Nort. In the first place, the deed of John Nort warrants the fee-simple title to Charles Nort, his heirs, executors, and administrators; and while this of itself would not be a sufficient indication of his intent to exercise the power of sale conferred upon him, it is to be considered in connection with other indicia to be found in his deed of his exercise of the power. For in his deed it is recited that the grantor conveys "all and entire my one-third undivided interest in and to the land deeded to me . . by Margaret Nort, and described as follows: . . the other two-thirds interest in said land having been on the same day in the same deed conveyed by the said Margaret Nort to Peter Nort and Charles Beerman as trustee for his minor children." Now when it is remembered that the one-third interest in the land given to Peter Nort and the one-third interest given to Beerman as trustee were fee-simple interests, the reference in John Nort's deed to his one-third interest as of the same quality as the interest of Peter Nort and Charles Beerman trustee, and the further plain indication that the entire interest in the land is made up of the three interests mentioned in the deed of John Nort, that is, the one-third interest of the

grantor and the other two-thirds interest conveyed to Peter Nort and Charles Beerman as trustee, there is the clear indication that John Nort's deed was an exercise of the power of sale conferred upon him by the deed of gift from his mother. So finding in the deed of John Nort plain indications of the grantor's intention to execute the power of sale conferred upon him by the deed of Margaret Nort, as well as reference to the instrument conferring the power, we are of the opinion that the court below properly held that John Nort exercised and intended to exercise the power of sale conferred upon him, and that his intention is manifest from the instrument which was held to be an exercise of the power, and this intention could be arrived at without resorting to extraneous circumstances, such as a comparison of the purchase-price of the property with its alleged value.

3. The court, upon review of the case of *Mahoney* v. *Manning,* supra, declines to overrule the decision made in that case.

*Judgment affirmed. All the Justices concur.*