## HUFF *et al. v.* YARBROUGH.

J. F. Huff executed the following instrument: "Georgia, Cobb County. This indenture, made this the 29th day of May, 1890, between J. F. Huff and Mrs. Martha Huff, both of the county and State aforesaid, witnesseth: That the said J. F. Huff, for and in consideration of the love and affection of his wife, the said Mrs. Martha Huff, the said J. F. Huff hereby gives, grants, and conveys to the said Mrs. Martha Huff all the property both real and personal [which includes the land in controversy] belonging to the estate of the said J. F. Huff, in the County of Cobb, State of ·Georgia, at his death, should the said Mrs. Martha Huff survive the said J. F. Huff, and the said Mrs. Martha Huff shall have the property as aforesaid, with all the rights and privileges belonging thereunto, for the support of the said Mrs. Martha Huff; . . and should there remain any property real or personal at the death of the said Mrs. Martha Huff, the same shall be divided equally between James Huff and Mary Ragsdale." There arising a controversy as to whether this paper was not void on the ground that it was testamentary in character and improperly executed and attested, all his children joined in executing an instrument which rendered it effectual

to convey property according to the terms thereof. After the death of J. F. Huff, Mrs. Martha Huff conveyed the lands referred to in this writing to the defendant in the instant case, and after the death of Mrs. Martha Huff the said James Huff and Mary Ragsdale brought suit to recover the land, alleging that they had a vested-remainder interest therein and were entitled to possession thereof upon the termination of the life-estate. *Held,* that, under the terms and provisions of the instrument set forth above, Mrs. Martha Huff had authority to consume the entire estate for her support, the corpus as well as the income, and that a sale of the land for that purpose by her and a conveyance executed in pursuance thereof divested James Huff and Mary Ragsdale of any interest they might have had in the land.

AUGUST 19, 1912.

Complaint for land. Before Judge Morris. Cobb superior court. March 16, 1911.

James Huff and Mary Ragsdale brought an action for the recovery of land in Cobb county, against E. E. Yarbrough and certain named tenants of the latter. It is alleged in the petition that plaintiffs and defendant claim under a common source of title, to wit, through J. F. Huff. Petitioners base their claim of title upon the two written instruments hereinafter set forth, each executed with the formality of a deed; and upon the further fact that Mrs. Martha Huff, therein named, has since died. The first of these instruments, executed by J. F. Huff, is as follows:

"Georgia, Cobb County.

"This indenture, made this the 29th day of May, 1890, between J. F. Huff and Mrs. Martha Huff, both of the county and State aforesaid, witnesseth: That the said J. F. Huff, for and in consideration of the love and affection of his wife, the said Mrs. Martha Huff, the said J. F. Huff hereby gives, grants, and conveys to the said Mrs. Martha Huff all the property both real and personal belonging to the estate of the said J. F. Huff, in the County of Cobb, State of Georgia, at his death, should the said Mrs. Martha Huff survive the said J. F. Huff, and the said Mrs. Martha Huff shall have the property as aforesaid, with all the rights and privileges belonging thereunto, for the support of the said Mrs. Martha Huff; . . and should there remain any property real or personal at the death of the said Mrs. Martha Huff, the same shall be divided equally between James Huff and Mary Ragsdale."

The other instrument was executed jointly by all the children of J. F. Huff, after his death, and was accepted by Mrs. Martha

Huff, the widow of J. F. Huff, in full and final settlement of a controversy which had arisen between herself and the children of J. F. Huff as to her interest in the latter's estate. This instrument reads as follows:

"State of Georgia, County of Fulton.

"This indenture, made this 24th day of April, 1891, between William T. Huff, James C. Huff, Henry T. Huff, John W. Huff, and Mary E. Ragsdale, all being twenty-one years of age and being all the children of J. F. Huff deceased, late of Cobb County, Georgia, and all of Fulton County, Georgia, do by these presents consent to and convey all and singular the rights to said party of the second part under a deed of gift made to the said M. A. (Martha) Huff, . . [reference here being made to the first-quoted instrument], and the consideration of this agreement is the relinquishment, giving up, and electing of the provisions of said deed of gift by the said party of the second part in lieu of dower, child's, and any and all claim to any part in the real estate of the land of the said J. F. Huff, deceased, in Fulton County, Georgia, this to be full settlement to her as widow of said J. F. Huff, deceased, in the land in Fulton County, as aforesaid."

The petition further alleges that the defendant claims title to the land in controversy, by reason of a deed of conveyance executed by the said Mrs. Martha Huff subsequently to the execution of the foregoing instruments, whereby she undertook to convey to defendant the land in controversy.

The defendant filed a general demurrer to the petition. The court sustained it and dismissed the action.

*Walter McElreath* and *J. A. Watson Jr.,* for plaintiffs.

*J. Z. Foster,* for defendant.

Beck, J. (After stating the facts.) Under the allegations of the petition, the written instrument executed by J. F. Huff is to be given effect and construed according to the words and terms thereof, inasmuch as subsequently to the death of J. F. Huff all of his children joined in the execution of the other written instrument conveying to Mrs. Martha Huff, the widow of J. F. Huff, "all and singular the rights" to the property purporting to have been conveyed to her by the instrument first set forth above. It is conceded in the petition brought by the complainants that this deed which all the children of J. F. Huff joined in executing was

effectual to convey "all and singular the rights to the property" involved in this suit, which purport to have been conveyed or disposed of by the writing executed by J. F. Huff. And what right and interest in and to that property were conveyed by the written instrument last referred to must be ascertained from the language of that instrument itself. Considering the instrument in its entirety, we are satisfied that it was the intention of the maker thereof to give to his wife all the property referred to therein, with authority to consume the entire property for her support, the corpus thereof as well as the income; and that the complainants in this case took no interest in the property, except one purely contingent upon there being a remainder of the property which had not been disposed of by Mrs. Martha Huff during her life. There are stronger grounds for holding that these complainants had only a contingent interest in this property than there were for a similar holding in the case of *Darnell* v. *Barton*, 75 *Ga.* 377. In that case it was said: "The sole point in this case turns on whether the husband of plaintiff in error took a vested remainder on the death of his ancestor under the will. The bequest is of 'All of my property, both real and personal, or whatsoever kind it may be, to my beloved wife, Jane Barton, for and during her natural life; and after the death of my said wife, I direct that all the remainder of my said property be sold by my executors and be equally divided among my children; and in the event that any of my children should die prior to the death of their said mother, leaving a child or children living, then I desire said child or children so left should stand in the place of its or their deceased parent, and heir a child's part; that is, the part that the deceased parent would have taken if living.' The husband of plaintiff in error was one of the sons of the testator, who died before his mother died, and left no child. We think that his interest in the remainder was contingent on his surviving his mother, or his children's doing so, if he had any, to take his share. Really the contingency is double. It is only the remainder or residue of the estate, not consumed by the wife of testator, which was to be sold by the executors, and the proceeds of that residue divided. At the mother's death, and not before, could the estate bequeathed in remainder be ascertained so as to be sold and divided. The remainder was contingent on what the life-tenant did not consume and the ex-

ecutors of the will were then to ascertain it, sell it, and divide it. The thing itself bequeathed, therefore, is contingent on what was left by the widow."

It will be noted in the excerpt from the instrument quoted in the decision cited, that the bequest of property to the legatee was followed by the expression "for and during her natural life," which does not occur in the instrument which we have under consideration in the present case. And in discussing the item of the will involved in *Darnell's* case this court said, in the case of *Hudgens* v. *Wilkins*, 77 *Ga.* 555, after quoting that item of the will in full: "It was only what remained of personalty and realty of every sort of property that was to be sold and divided by the executors; it was only that left of the corpus that was then—at the death of the widow—undisposed of; it was only "all the remainder of my said property" that was to be sold and divided. Nothing may have remained. The event of any remainder was uncertain. What the entirety left would be was uncertain; what each would get was thus equally uncertain. So that there was nothing to vest until the mother's death; nothing certain; not an item of property, and it could not vest until ascertained. To ascertain it the executors were to act; to sell it and divide it was devolved upon them; and it is inconceivable that the event of any remainder at all necessarily would happen. It is upon the uncertain contingency of such an event that any proceeds of any property would be subject to such sale and division by the executors."

It appearing from the petition that Mrs. Martha Huff during her life conveyed the property in controversy to the defendant in this case, and it not appearing therefrom that this conveyance was not made for the purpose of procuring a support for herself as contemplated in the deed of her husband, J. F. Huff, the petition showed on its face that the complainants had no title to the property which they sought to recover, and the court properly dismissed the petition on general demurrer.

*Judgment affirmed. All the Justices concur.*