STARK, administrator, *v.* CHAMBERS.

ATKINSON, J. Earl Moats died in 1891, leaving a will. By item one he directed that all his just debts be paid, and by item 5 he appointed his wife executrix. The other provisions of the will were as follows: "Item 2. I give, bequeath, and devise to my wife, Vina Moats, all of my estate both real and personal, for her support and control during her lifetime. Item 3. After the death of my wife, Vina Moats, I want what property is left, real or personal or both, divided or sold, and the money equally divided among my children after paying Abner Griffin, my stepson, one hundred dollars. Item 4. I direct and will that after my death that my said wife, Vina Moats, take charge of all the property mentioned in this my last will and testament, without any appraisement, and use it as she needs for her comfort and support." *Held:*

1. That the will conferred upon the widow of the testator, during her life, power to convey in fee any part of the estate, where necessary for her support; and where in order to obtain a support she sold the land for its reasonable value, and executed to the purchaser a deed conveying the land in fee simple under such power, the purchaser was not subject to be evicted after her death by the testator's administrator de bonis non cum testamento annexo. The language, "for her support and control during her lifetime," as employed in item 2, and "what property is left, real or personal or both," as employed in item 3, and "use it as she needs for her comfort and support," as employed in item 4, indicates the intent of the testator to confer an absolute power of sale, where necessary for her support, on the wife so long as she lived, and to exclude the children from any part of the property so sold, leaving that part of the testator's estate which might remain at the death of the widow to be divided among the children. Relatively to the power of sale, item 3 expressly put real and personal property on the same footing. The direction in item 4 that the widow should take all of the property "without any appraisement, and use it as she needs for her comfort and support," was not repugnant to the power of sale, where necessary for her support, and did not restrict it. *Mayo* v. *Harrison*, 134 *Ga.* 737 (68 S. E. 497) ; *Nort* v. *Healey Real Estate Co.*, 136 *Ga.* 287 (71 S. E. 471).

2. Where the widow of the testator sold a part of the land mentioned in the will, in order to obtain money necessary for her support, and made a conveyance thereof in fee simple, with warranty of title, and evidence was introduced tending to show that the price paid was at its fair market value, and that the widow, owing to age and physical infirmity, was unable to support herself, and the sale was made to obtain money for her support, it was not error as against the plaintiff for the judge to charge, in effect, that if the jury believed from the evidence that on account of her condition in life, considering her age and other things appearing from the evidence, it was absolutely necessary to sell some of the property in order to obtain means of a livelihood, and that acting under authority of the will the widow made the deed for the purpose of procuring a livelihood and received a reasonable and fair consideration for the property, it would be their duty to find for the defendant. *Mayo* v. *Harrison*, supra.

3. The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

　　　　　　　　　*Judgment affirmed.　All the Justices concur.*

SEPTEMBER 26, 1913.

Complaint for land. Before Judge Brand. Banks superior court. January 18, 1912.

In an action of complaint for land by W. W. Stark, as administrator cum testamento annexo, against J. R. Chambers, who claimed under a deed from the widow of the testator, the main issue was whether the deed operated to convey to the defendant the absolute fee-simple estate, or merely an estate for the life of the widow. The suit was instituted shortly after the death of the widow. Her power to make the deed depended on the will of the testator, which was as set forth in the headnotes. In some particulars the evidence was conflicting, but there was sufficient to show the following: The testator was prosperous, and died owning a farm, on which he resided, equipped with live stock and farming implements, and owing only a few debts, which were paid during the year in which he died. There were several children besides the widow, who for a time continued to live on the farm; but they were not of frugal habits, and the widow found it necessary to encroach upon the corpus of the estate. This continued, and in order to get money with which to pay off a judgment for "supplies and rations" furnished to the widow after the death of the testator, and to obtain money on which to live, the widow sold to the defendant, at its reasonable value, the part of the farm land in dispute. The land would have rented for enough to support the widow, but it was never rented. At the time of the sale the widow was old, nearly blind, and unable to support herself. On the trial the jury returned a verdict for the defendant. The plaintiff moved for a new trial on the general grounds, and further complained of the following charge to the jury: "If you should believe from the evidence that on account of her condition in life at that time and the surrounding circumstances, her age and other things, as appears from the facts and circumstances in the case, that it was absolutely necessary to sell some of this property in order to procure means of a livelihood, and that acting under the authority of that will, by virtue of the provisions of that will, she (Vina Moats) made this deed for that purpose, and received reasonable and fair consideration for her property (the deed referred to being the deed from Vina Moats

to J. R. Chambers, in the evidence, to the land sued for) then it would be your duty to find in favor of Mr. Chambers." The criticism upon the charge was that it amounted to a holding that the widow was authorized to convey the fee, whereas the will gave her no more than a life-estate, and did not authorize her to sell the fee, even if necessary to her support. The motion for new trial was overruled, and the plaintiff excepted.

*H. H. Perry*, for plaintiff.    *J. J. Kimsey*, for defendant.