PATTERSON *v.* GAISSERT, administrator.

FISH, C. J. A statutory proceeding was instituted to foreclose a mortgage on land executed by a woman in her individual capacity to secure the payment of a promissory note for a stated amount of principal, interest, and attorney's fees. The mortgagor had died and the suit was instituted against her administrator. The defendant pleaded, among other things, that the only interest the mortgagor had in the lands was a life-estate acquired under the will of her deceased husband, which terminated at her death. On the trial the will was introduced in evidence. Item two was in part as follows: "I . . will and bequeath to my beloved wife, Rebecca L. Hemphill, in trust for the sole use and benefit of her and her children, Annie L. Hemphill, Alphonso Hemphill, Bessie Hemphill, Sallie Hemphill, and Cordelia Hemphill, all the property that I now own or may own or possess at my death, said property consisting of land, stock of all kind, farming implements, wagons, carts, &c., and all household and kitchen furniture and everything of value that I may possess at my death." Item three provided: "It is my will and desire and I do hereby direct that my wife, Rebecca L. Hemphill, have the entire management and control of said property, to sell and make title to the same if she should at any time deem it best for the interest of herself and children, and that she shall not be deprived of use of said property during her natural life." *Held:*

1. Under a proper construction of the items quoted, Rebecca L. Hemphill, in her individual capacity, took only a life-estate to an undivided interest in the property of which the testator died seized and possessed. *Porter* v. *Thomas,* 23 *Ga.* 468.

2. The mortgage executed by Rebecca L. Hemphill, to secure a promissory note made by her individually to a third person, did not refer to powers expressed in item three of the will, and was not an execution of such powers. *Terry* v. *Rodahan,* 79 *Ga.* 278 (5 S. E. 38, 11 Am. St. R. 420); *Grayson* v. *Germania Bank,* 140 *Ga.* 467 (79 S. E. 124); *Wiggs* v. *Hendricks,* ante, 444 (94 S. E. 556).

(a) It is unnecessary to decide whether the powers conferred under item three of the will would, in a proper case, authorize the appointee to execute a mortgage on the trust property for the benefit of the trust estate.

3. As the interest of the mortgagor acquired under the will terminated at her death, there was no error in directing a verdict for the defendant in the suit to foreclose the mortgage.

(a) It is urged in the briefs of counsel for plaintiff in error that one of the children had died intestate, and that the mortgagor had acquired an interest by inheritance that would be subject to the mortgage. The record does not show this state of facts, and the reference thereto in the briefs of counsel does not present any question for decision.

*Judgment affirmed. All the Justices concur, except*

GILBERT, J., who, being of the opinion that, construing the will in its entirety, Rebecca L. Hemphill took an undivided interest in fee, and that the interest so acquired by her was subject to the mortgage, dissents from the ruling of the majority of the court to the contrary.

No. 22.  DECEMBER 15, 1917.

Mortgage foreclosure. Before Judge Cox. Dougherty superior court. November 25, 1916.

*S. J. Jones, R. J. Bacon,* and *R. H. Ferrell,* for plaintiff.

*W. H. Burwell* and *Pottle & Hofmayer,* for defendant.