MATHIS *et al. v.* GLAWSON.

ATKINSON, J. A will executed in 1860, and duly probated shortly thereafter, contained provisions whereby certain bequests were made to Sarah, the only daughter of the testator. In a subsequent item the will declared: "It is my will that the land, negroes, and property that fall to my daughter upon a division and distribution of my estate shall be her sole and separate property and for her sole and separate use, together with the increase, rents, issues, and profits therefrom during her natural lifetime, free from all debts, liabilities, and obligations of any husband she may ever have, and after her death said property to go to her children. In event that said daughter should die without children, then I invest and clothe her with the right to dispose of said property by deed, will, or otherwise as she may think proper." In 1864 commissioners duly appointed divided the property, and, among other things, set apart certain land to Sarah. Twenty years thereafter Sarah sold 101¼ acres of the land to Joseph Glawson for $1063.37, and upon such consideration conveyed the land to him by a warranty deed purporting to convey the fee-simple title in the usual form. The deed did not mention the will, or expressly refer to any power contained in the will, or indicate that she was conveying otherwise than as absolute owner of the fee. The grantee entered and remained in possession of the land. Twenty-eight years after making the deed Sarah died, having married, but never having given birth to a child. The heirs at law of the testator, within seven years after the death

of Sarah, instituted an action against an heir at law of Joseph Glaw-
son, to recover the land. The petition was dismissed on demurrer, and
the plaintiffs excepted. *Held:*

1. The bequest to Sarah, "free from all debts, liabilities, and obligations
of any husband she may ever have, and after her death said property
to go to her children," imported a life-estate only for Sarah, which
was not enlarged into a fee by the further provision, "In event that
said daughter should die without children, then I invest and clothe
her with the right to dispose of said property by deed, will, or other-
wise as she may think proper."

2. The provision, "In event that said daughter should die without children,
then I invest and clothe her with the right to dispose of said property
by deed, will, or otherwise as she may think proper," contemplated the
contingency that Sarah might not leave a child at her death, and
amounted to a power to Sarah to dispose of the estate in remainder
"by deed, will, or otherwise as she may think proper."

3. In determining the character and extent of the power, the intention of
the testator must be given effect. The donee could not have exercised
the power at or after her death. Accordingly, properly construed, the
provision of the will creating the power contemplated that the donee
might execute the power at any time during her life, the effect thereof
to be postponed until her death, at which time the contingency upon
which the existence of the power depended must have happened.

(a) Under this view, an attempt by the donee to execute the power
before the happening of the contingency upon which it should exist
would not render her act invalid, if the contingency actually happened.

(b) The case differs from *Satterfield* v. *Tate*, 132 *Ga.* 256 (64 S. E. 60);
*New* v. *Potts*, 55 *Ga.* 420.

4. Whether or not the deed from Sarah to Glawson was a good execution
of the power contained in the will depends upon a construction of the
will and also of the deed; the final test as to a proper construction
of those instruments being: what was the intention of the testator as
to the limit or breadth of the power, and the intention of the donee
manifested by her deed as to whether she was attempting to exercise the
power? Much has been said on similar subjects, unnecessary to be
repeated. *Mahoney* v. *Manning*, 133 *Ga.* 784 (66 S. E. 1082); *Nort* v.
*Healy Real Estate Co.*, 136 *Ga.* 287 (71 S. E. 471). As ruled in the
preceding note, under a proper construction of the will the power was
exercisable at any time during the life of Sarah, the full effect thereof
to be postponed and determined at her death, when the contingency
upon which it depended must have been determined. Therefore at the
time of executing the deed she could exercise the power, subject to be
defeated or to become effective at the time of her death. She could also
convey her life-estate which at the date of the execution of the deed was
fully vested. Her deed purported to convey the entire estate and to be
based upon a valuable consideration, which it is not alleged was not a
full and fair price for the entire estate. The deed also contained a
clause of general warranty of title. Under these circumstances the only
reasonable inference is that Sarah intended, by executing the deed, to
convey all that it purported to convey, the full fee-simple title; as only
the life-estate was vested in her, and her right to convey the fee de-

48

pended upon exercise of the power. An interpretation that she did not intend to exercise the power would not give full effect to the language of her deed.

5. The judge did not err in dismissing the petition on general demurrer.

*Judgment affirmed. All the Justices concur.*

No. 1432. FEBRUARY 10, 1920. REHEARING DENIED FEBRUARY 25, 1920.

Complaint for land. Before Judge Park. Jones superior court. April 23, 1919.

*Sibley & Sibley* and *Samuel H. Sibley,* for plaintiffs.

*Hardeman, Jones, Park & Johnston, C. A. Glawson, Willard W. Burgess,* and *F. Holmes Johnson,* for defendant.