## CANNON v. LAING.

1. Where a testator nominated his wife as executrix and bequeathed to her the residue of his estate real and personal, " during her natural life, to be used as she thinks proper," with power to dispose of any property thereof " as she thinks to be best interest of the estate and to maintain herself, and at her death whatever may be left by her shall be equally divided between " the testator's heirs, and further directed that his executrix should take charge of, manage, and control the estate " in her own right and title," without making inventory, return, or bond and security, " and manage it as if I were living," the will created a life-estate in the wife, with remainder over, and conferred on her power individually to dispose of any part of the estate, and the power as executrix to take possession, management, and control of such property as fully as the testator could do if living.

2. A lease by the executrix of land of the estate for the term of five years, for a consideration which on its face was a fair value for the rent of the property (the lessee executing rent notes for the whole term), should be construed as a legal execution of the power conferred on the executrix as such, rather than as indicating an intent to refer to her individual life-interest in the land. HILL, J., dissents.

3, 4. Where after the death of the executrix the land was sold by an administrator de bonis non, if the purchaser, with actual notice of the lease, unlawfully evicted the lessee before the expiration of the five-year term, an action for damages would lie.

No. 2517. MARCH 4, 1922.

Action for damages. Before Judge Worrill. Terrell superior court. December 20, 1920.

*W. H. Gurr,* for plaintiff.

*Yeomans & Wilkinson,* for defendant.

ATKINSON, J. In the sixth item of a will the wife of the testator was appointed sole executrix. In item three it was declared: " I give and bequeath, after paying the amounts heretofore named, all the balance of my estate, real and personal, . . to my wife, Julia A. Stevens, during her natural life, to be used as she thinks

proper. This is to say (she may dispose of any piece of property or any part of the estate as she thinks to be [to the ?] best interest of the estate and to maintain herself, and at her death) whatever may be left by her shall be equally divided between my legal heirs, and each shall share and share alike." In item four it was declared: "That my executrix hereinafter named shall take charge of my estate after my death, and manage and control the same in her own right and title, without making an inventory or making any return to the court, and shall be relieved from making bond or giving security for same, of all moneys, notes, insurances, accounts, or any other piece of property that may go into her hands. In fact, I mean for her to take possession of my estate in her own right and title, and manage it as if I were living." After probate of the will the executrix executed a contract as follows: "This contract made between Mrs. Julia A. Stevens, executrix, of the County of Fulton, State of Georgia, and L. E. Cannon of Terrell County, Georgia, shows: That for a consideration of five promissory notes, each all dated this date, and one of each to be paid as per annum, one in 1917, 1918, 1919, 1920, and the last in 1921, each for the principal sum of two hundred and forty-five ($245.00) dollars. These notes are due and payable the 1st day of October of each of the above-mentioned years. Now these notes and this contract is for the rental of two tracts of land for a period of five years, beginning January 1st, 1917, these lands being [then follows description of two tracts of agricultural land]. It is further agreed that expense for improvements (in case there should be such) shall be borne by L. E. Cannon. The notes for rental and this agreement are executed, signed, and delivered at the ———. In witness whereof, both parties have hereunto signed, this October 13th, 1916. [Signed] L. E. Cannon. Mrs. Julia A. Stevens, Executrix of estate of O. B. Stevens."

The lessee executed negotiable rent notes as specified in the contract, to cover the entire period of five years, and at a time when the lease had two years to run he had paid in advance substantial portions of the rent due for the last two years. In such circumstances the life-tenant died on June 23, 1919, and in December of the same year the land was regularly sold at public outcry by the administrator de bonis non of the estate of the testator. It was announced by the auctioneer that the sale was made subject to the

lease. R.. H. Laing, having become purchaser with actual notice of the lease, received a deed which was in the usual form and did not make any reference to the lease. The purchaser instituted statutory proceedings to evict the lessee as a tenant at sufferance; and the latter, being unable on account of poverty to give the required bond for double rent, failed to make a counter-affidavit and was evicted in January, 1920, before his term expired. He brought an action against the purchaser, for damages consisting of the loss of the rental value of the property, and costs which he was required to pay in the dispossessory proceeding, based on wrongful eviction and malicious abuse of process by suing out the dispossessory warrant without probable cause. The petition as amended, when properly construed, alleged in substance all that is stated above. The judge dismissed the action on general demurrer to the petition, and the plaintiff excepted.

1. Item three of the will creates a life-estate for the wife, with remainder over, and confers a power on the wife individually to dispose of any piece of the property or any part of the estate, as she thinks to the best interest of the estate; or for maintenance of herself. Item four, construed in connection with item three, confers power upon the testator's wife specifically to take possession, manage, and control all of the property which the testator should leave, in as full manner as testator could do if living.

2. Whether or not the lease executed by Mrs. Stevens to Cannon was a good execution of the power contained in the will depends upon a construction of the will and also of the lease; the final test as to a proper construction of those instruments being: what was the intention of the testator as to the limit or breadth of the power, and the intention of the donee, manifested by her lease, as to whether she was attempting to exercise the power ? At the time the lease was executed the donee could have exercised the power, or, having a vested life-estate in the land, could have leased the land individually to terminate with that estate. Her lease purported to be upon a valuable consideration which upon its face was a fair value for the rent of the property, and rent notes were given for the whole term. The lease was for a definite term of five years. If the intention of the donee was to refer to her individual interest in the land, an appropriate lease would have qualified the term so that it should be limited to the term of her life. Under these cir-

cumstances, the only reasonable inference is, that Mrs. Stevens intended, by executing the instrument, to lease the land for the definite term it purported to provide. As only the life-estate was vested in her, and her right to lease unqualifiedly for the term of five years depended upon exercise of the power, it must be held that the lease was a good execution of the power. *Mathis* v. *Glawson,* 149 *Ga.* 752 (102 S. E. 351).

3. Under application of the principles stated in the preceding divisions, the petition as amended alleged a right of possession in the lessee as a tenant for a term which had not expired at the time of his eviction from the land.

4. Under the facts stated above, the plaintiff in this case could maintain the suit as brought for the recovery of the damages claimed, and the court below erred in dismissing the action on general demurrer to the petition as amended. *Porter* v. *Johnson,* 96 *Ga.* 145 (23 S. E. 123).

*Judgment reversed. All the Justices concur, except Hill, J., dissenting, and Gilbert, J., absent.*

HILL, J., dissenting. Under a proper construction of item 3 of the will of O. B. Stevens, Mrs. Julia A. Stevens, in her individual capacity, took a life-estate in the land in controversy, with a power of disposal. *Melton* v. *Camp,* 121 *Ga.* 693 (49 S. E. 690); *Patterson* v. *Gaissert,* 147 *Ga.* 472 (94 S. E. 563). The lease contract executed to L. E. Cannon to the property in controversy by Mrs. Julia A. Stevens, " executrix of the estate of O. B. Stevens," was not an execution of the powers conferred by item 3 of the will. *Patterson* v. *Gaissert,* supra. A life-tenant can not convey or lease property for a time beyond his own term, without express authority in the instrument creating the power. There is no such express authority conferred by the present will. The execution of the lease was an effort to exercise the power contained in item 4 of the will, which was as follows: " That my executrix . . shall take charge of my estate after my death, and manage and control the same in her own right and title, without making an inventory or making any return to the court. . . In fact, I mean for her to take possession of my estate in her own right and title, and *manage* [italics mine] it as if I were living." The power there expressed did not authorize the executrix, *as such,* to execute the lease contract in question, beyond the period of her

term as life-tenant. *Broach* v. *Kitchens,* 23 *Ga.* 515; *Rakestraw* v. *Rakestraw,* 70 *Ga.* 806; *Bell* v. *Gay,* 142 *Ga.* 366 (82 S. E. 1071). The court did not err in sustaining the demurrer.