LOKEY, executor, *v.* McMURRAIN, guardian.

ATKINSON, J.　James B. Lokey and his sister Isabelle lived together many years. Their nearest relative was their nephew, Joseph C. McMurrain, who had three children. When James B. was nearly 70 years of age it became necessary for him to undergo a surgical operation. Fearing that he would not survive the operation, James B. executed a deed of gift to Isabelle, conveying all his realty, which consisted of a farm and a town lot. James B. recovered after the operation, and returned to live with Isabelle on the farm, as they had been accustomed to live. In a short time Isabelle became ill, and the two considered the matter of Isabelle making a will. Isabelle was 63 years old, and neither of them anticipated marriage. A scrivener was called in to write the will. Isabelle told the scrivener that she wanted James B. " to be taken care of " all of his life, " even if it required all of the property to do so," but that James B. would probably not live very long, and she wanted the property to go to the McMurrain children when James B. died. In these circumstances the will was executed. The first item directed payment of the testatrix's funeral expenses and her just debts. The second item was: " That my brother, J. B. Lokey, shall take possession of my entire estate, both personal and real, and handle it in any manner that he sees fit, so long as he may live; and after his death, all property left, real and personal, after his funeral expenses have been paid, shall be divided equally between Ruby McMurrain, Willie Kate McMurrain, and Joseph C. McMurrain Jr., the children of J. C. McMurrain Sr. The property alluded to consists of my home in Lee County [Alabama], two and [a] half miles from Columbus, Georgia; also one house and lot in Muscogee County, Georgia, in the village of Wynnton." The testatrix died shortly after executing the will. The realty referred to in the will was the same property that had been conveyed from James B. to testatrix, and was worth about $7000. The farm yielded a gross income of $250 per annum, and the town lot did not yield any income. After probate of the will a suit was instituted by James B., as executor, against the children of Joseph C. McMurrain, for construction of the will and direction. The uncontradicted evidence as to the circumstances under which the will was executed was as indicated above. *Held:*

The language " take possession of " and " handle it in any manner that he sees fit, so long as he may live," and " all property left . . after his funeral expenses have been paid," as employed in item two of the will, considered with the context, renders that item of the will ambiguous; and when considered in the light of the parol evidence as to the circumstances in which the will was executed, that item should be construed to give to James B. a life-estate in the property devised, with power in him to convey the property in fee for his support and maintenance, with remainder to the children of Joseph C. McMurrain as to any part of the property or its proceeds as may not have been consumed for the support of James B. Lokey or his burial

45

expenses. Civil Code, §§ 3898, 3901; *Mayo* v. *Harrison*, 134 *Ga.* 737 (68 S. E. 497); *Huff* v. *Yarbrough*, 138 *Ga.* 613 (75 S. E. 662); *Stark* v. *Chambers*, 140 *Ga.* 601 (79 S. E. 535); *Cannon* v. *Laing*, 153 *Ga.* 88 (111 S. E. 565); Bramell *v.* Adams, 146 Mo. 70 (47 S. W. 931); Irvine *v.* Putnam, 28 Ky. L. R. 465 (89 S. W. 520).

It follows that the trial judge erred in holding that the will gave to James B. Lokey only a life-estate in the property without any power to sell and convey the fee.

*Judgment reversed. All the Justices concur, except Beck, P. J., and Gilbert, J., dissenting.*

No. 3381. DECEMBER 16, 1922.

Equitable petition. Before Judge Munro. Muscogee superior court. August 8, 1922.

*W. Paul Miller,* for plaintiff.