## VARNELL v. VARNELL et al.

GILBERT, J. 1. The allegation in the answer of the defendant setting up a parol purchase of the land, fully executed, comes within the exceptions to the statute of frauds. Civil Code (1910), § 3223, par. 1.

2. The defendant objecting to the partition claims title to the entire interest in the land, by virtue of a purchase from his mother, Lavina Varnell, and alleges that the latter was empowered to make a sale under the will of his father, Mitchell P. Varnell, as contained in the following item, to wit: " Item second. I will and bequeath to my beloved wife, Lavina, all my real and personal property both real and personal, during her natural life, for the support and maintenance of herself and her two daughters, Margaret A. E. and Martha S. Item third. I hereby appoint my beloved wife, Lavina, executrix of my estate, with power to sell any or all of said personal or real estate without any order or any interfering of any court, and make deeds to the same according to her own judgment and discretion, and make reinvestments at her discretion, or use the same at her own discretion in the maintenance and support of herself and daughters aforesaid; and she shall not be required to make any reports to any court or any other jurisdiction whatever. I intend in this my last will and testament to give my said wife, Lavina, full and absolute control of all my personal and real estate, as it is now controlled by myself, during her natural life." A testator, in his will, may empower the life-tenant, or even a person taking no interest thereunder, to make a complete and valid sale of property, real or personal. *Woodbery* v. *Atlas Realty Co.*, 148 *Ga.* 712 (5) (98 S. E. 472).

3. A will must be considered with reference to its entire contents. Thus considered, the will conferred upon the widow of the testator during her life, power to make private sale and convey any or all of the estate where necessary for the support of herself and the two daughters named in the will. *Mayo* v. *Harrison*, 134 *Ga.* 737 (68 S. E. 497); *Nort* v. *Healy Real Estate Co.*, 136 *Ga.* 287 (71 S. E. 471); *Stark* v. *Chambers*, 140 *Ga.* 601 (79 S. E. 535); *Cannon* v. *Laing*, 153 *Ga.* 88 (111 S. E. 565).

4. The allegations in the answer of the defendant were sufficient to set up the defense that the defendant owned the entire interest in the land sought to be partitioned, under a parol contract fully executed with his mother, who had power to make such contract of sale; and that such sale of the land was necessary for the support of the mother and the daughters named in the will. Under the will the mother alone had the right to sell and dispose of the land without the assent or concurrence of the daughters.

5. From the applications of the principles above stated it follows that the court erred in sustaining the general demurrer to the defendant's answer and dismissing it. The court did not rule upon the special demurrers; therefore this court makes no ruling. The court having erred in sustaining the general demurrer, all subsequent proceedings were nugatory.

*Judgment reversed. All the Justices concur.*

No. 3733. NOVEMBER 27, 1923.

Partition.    Before Judge Tarver.    Whitfield superior court. April 3, 1923.

W. E. Varnell and four others filed a petition alleging that petitioners claimed a four-fifths undivided interest in fifty acres of described land, and that the other one-fifth interest belonged to Samuel Varnell, as the heirs of Martha S. Varnell; that a fair and equitable division of the land by metes and bounds is impossible, because of valuable improvements made thereon; and that the value of the entire tract would be depreciated by a partition by metes and bounds. The prayer was that the land be sold and the proceeds divided between the co-owners or tenants in common, according to their various interests. S. H. Varnell filed an answer in which he denied that the plaintiffs had any interest in the land, and set up the following: M. P. Varnell, the father of S. H. Varnell, died Nov. 6, 1886, leaving a will which was duly probated, and which contained the provisions quoted in the headnotes. At his death M. P. Varnell owned personal property worth only about $45. The land in question did not supply sufficient income to support the mother (Mrs. Lavina Varnell) and sister (Eliza Varnell) of S. H. Varnell. For more than two years after the death of his father he supported the mother and sister. In 1888, in consideration of his having supported them, and upon his promise to do so during their lives, the mother and sister contracted with him that he might "take the property and do with it as you see fit." He was placed in possession of the property, and ever since held possession of the same openly and notoriously, in good faith paying the taxes thereon and returning the same as his property. He complied with the contract and supported his mother and sister until their deaths in 1893 and 1895, respectively. He had expended for this purpose $2230. He repeatedly informed petitioners of the contract made with his mother and sister, and particularly shortly after the death of the mother in 1893. No itemized statement of his expenditures was kept, and no deed taken from his mother and sister, because this was deemed unnecessary. The land was poor and its value had never exceeded $700.

The petitioners demurred to and moved to strike this answer, for the reasons, among others: (*a*) That the will specifically shows that Mrs. Lavina Varnell held as tenant in common with the

daughters, with the power of disposition if necessary for their support; and the defendant does not allege sufficient facts to show that Mrs. Lavina Varnell attempted to dispose of the remainder by exercising the power of sale granted in the will.  (*b*) " The allegations . . are insufficient to show an exercise of the power in the manner required by law." The demurrer was sustained and the answer stricken. Error was assigned upon the sustaining of the demurrer and the striking of the answer, and also upon the rendition of verdict and judgment in favor of petitioners.

*Maddox, McCamy & Shumate,* for plaintiff in error.

*J. A. McFarland* and *F. K. McCutchen,* contra.