AMOS *v.* THOMASTON BANKING COMPANY *et al.*

No. 7575. JUNE 16, 1930.

*C. W. Foy,* for plaintiff. *James R. Davis,* for defendants.

HILL, J. (After stating the foregoing facts.) The record in this case shows that on August 15, 1892, Areadna Amos executed a warranty deed in fee simple to Tecumseh Amos, in consideration of the sum of $400 in hand paid, to lot of land 116 in the 15th district of Taylor County, containing 202-1/2 acres, more or less. In the tenendum clause of the deed "Tecumseh Amos is appointed trustee of all the children he may have during their minority, without giving bond or security, unless required by court of equity. With full power to sell, exchange, or otherwise dispose of the interests of the cestui que trust, either privately or publicly." This deed was recorded September 21, 1893. On August 28, 1917, T. C. Amos (who the petition alleges was the same as Tecumseh Amos) executed a warranty deed in fee simple, for a consideration of three hundred dollars, to Miss Mary Amos of Taylor County, to fifty acres off of the west half of lot 116 in the 15th district of Taylor County, and to fifty acres, being the east half of the west half of the same lot of land, aggregating 100 acres, more or less. This deed was recorded on August 28, 1917. On September 24, 1925, Mary D. Amos and G. Thomas Amos executed a warranty deed to Farmers & Merchants Bank of Thomaston, Georgia, in consideration of $3,143.84 in hand paid, to all of 100 acres of land, more or less, in the 15th district of Taylor County, being the east half of lot of land 116, containing 50 acres, more or less, and west half of the west half of lot of land 116, containing 50 acres, more or less, the above tract of land being the property of Miss Mary D. Amos; also the west half of the lot 116, containing 50 acres, more or less, in the 15th district of Taylor County, "this tract of land being the property of G. Thomas Amos, and is subject to a loan deed to J. F. Posey made on September 22, 1925, to secure a debt of $1,017.42, due September 22, 1926." It is recited in the deed to the Farmers & Merchants Bank "that above note is signed by Mary D. Amos, T. C. Amos and G. Thomas Amos." The deed also contained a power of sale at public outcry. The plaintiff, W. T. Amos, filed this equitable suit to enjoin the sale of the land in

controversy, and for cancellation of the deed from T. C. Amos to Mary D. Amos, "at least to one half interest therein," and also deed from Mary D. Amos and G. Thomas Amos to Farmers & Merchants Bank of Thomaston, now held by the Thomaston Banking Company.

1. In *Patterson* v. *Gaissert,* 147 *Ga.* 472 (94 S. E. 563), it was stated and held: "A statutory proceeding was instituted to foreclose a mortgage on land, executed by a woman in her individual capacity to secure the payment of a promissory note for a stated amount of principal, interest, and attorney's fees. The mortgagor had died, and the suit was instituted against her administrator. The defendant pleaded, among other things, that the only interest the mortgagor had in the lands was a life-estate acquired under the will of her deceased husband, which terminated at her death. On the trial the will was introduced in evidence. Item two was in part as follows: 'I . . will and bequeath to my beloved wife, Rebecca L. Hemphill, in trust for the sole use and benefit of her and her children, Annie L. Hemphill, Alphonso Hemphill, Bessie Hemphill, Sallie Hemphill, and Cordelia Hemphill, all the property that I now own or may own or possess at my death, said property consisting of land, stock of all kind, farming implements, wagons, carts, &c., and all household and kitchen furniture and everything of value that I may possess at my death.' Item three provided: 'It is my will and desire and I do hereby direct that my wife, Rebecca L. Hemphill, have the entire management and control of said property, to sell and make title to the same if she should at any time deem it best for the interest of herself and children, and that she shall not be deprived of use of said property during her natural life.' *Held:* . . The mortgage executed by Rebecca L. Hemphill, to secure a promissory note made by her individually to a third person, did not refer to powers expressed in item three of the will, and was not an execution of such powers. *Terry* v. *Rodahan,* 79 *Ga.* 278 (5 S. E. 38, 11 Am. St. R. 420); *Grayson* v. *Germania Bank,* 140 *Ga.* 467 (79 S. E. 124); *Wiggs* v. *Hendricks,* 147 *Ga.* 444 (94 S. E. 556)." The principle ruled in the foregoing case is controlling in the case at bar; and as the deed from T. C. Amos to Mary D. Amos did not mention the powers expressed in the trust deed, it was not an execution of the powers conferred by the trust deed. Furthermore, the deed was signed individually

and not as trustee; and in these circumstances the deed conveyed only the individual interest of T. C. Amos, and to that extent his interest in the land can be sold. The interest of W. T. Amos in the land in controversy, under the allegations of the petition, construed in connection with the deeds, was not subject to be sold under the power contained in the deed from Mary D. Amos and G. Thomas Amos to the Thomaston Banking Company. The court erred in dismissing the petition on demurrer.

*Judgment reversed. All the Justices concur.*