22063. OSBORN, Guardian ad litem v. MORRISON.

CANDLER, Justice. Items 3 and 4 of a will C. N. Morrison executed on August 4, 1956, read: "Item 3. I will, bequeath and devise all of my property, both real and personal, of whatever kind and wherever situated, to my beloved wife, Clara Aiken Morrison, for her use and benefit for and during her natural

lifetime. If she should so wish, and is in need of funds for her support and maintenance, she has the right to sell, borrow money on, dispose of, do anything that she may deem proper with my property, without any order of court and without the consent, control or interference with her by any other persons whatsoever. Item 4. At the death of my wife, it is my will and desire that all my property both real and personal, not disposed of by my wife under the provisions of Item 3 of this will, be divided, share and share alike, per stirpes, between our children." This litigation was instituted by Clara Aiken Morrison, as executrix of the testator's estate for construction of the above-quoted items of his will and for a judgment adjudicating and declaring that she has absolute power under item 3 of his will to sell or encumber all or any part of his estate on terms agreeable to her without the consent of or interference by any person, and without the order of any court, if she decides that funds are needed for her support and maintenance. Her petition alleges that she and her husband had three children, all of whom survived him; that one of them has since died leaving two minor children; and that a guardian ad litem should be appointed to represent such minors. Roy Lee Osborn was named guardian ad litem for the two minors and accepted the appointment in writing. The minors, through their guardian ad litem, filed a response to the petition which in substance avers: Their mother was an adopted daughter of the plaintiff and C. N. Morrison and the the defendant John Robert Morrison, whose whereabouts is unknown, is their adopted son. The defendant Laverne Willis is the only natural child of the plaintiff and the testator. The plaintiff has decided to and is proposing to sell all real estate now belonging to the testator's estate, the fair market value of which is $25,000, to her natural daughter Mrs. Willis and her husband for $11,000. It is not necessary for her to sell such property since the income from the estate of the deceased is amply sufficient for her support and maintenance. Her reason for selling it is not because of her need of funds for her support and maintenance, but solely for the purpose of divesting and defeating the interest which the respondents and John Robert Morrison have as remaindermen in the estate.

Without hearing any evidence, the trial judge held that it was the intention of the testator to devise a life estate in and to all of his property, both real and personal, to the plaintiff together

with an absolute power of disposal; that the words in item 3 "if she should so wish, and is in need of funds for her support and maintenance" are not a limitation on her power to sell since the remaining portion of the item clearly indicates that the testator intended for plaintiff to use her own judgment as to whether or not she needed funds for support and maintenance; and that the contention of the respondents that certain property of the testator's estate in which they have a remainder interest is to be sold by the plaintiff for an inadequate price for the sole purpose of defeating the estate in remainder created by the testator's will is speculative and not adequately before the court and for that reason would not be passed on at that time by him. The respondents excepted. *Held:*

The power which the testator's will conferred on his wife is not property but a mere authority to sell all or any part of his estate if she needed funds for her support and maintenance. See *Melton v. Camp,* 121 Ga. 693, 695 (49 SE 690). The general rule is that where an estate is expressly given for life, with an added power of disposal conferred upon the life tenant, this does not enlarge the life estate into an estate in fee. *Cook v. Walker,* 15 Ga. 457. A power of sale and the mode of its exercise, when the latter has the effect of cutting out remaindermen, must be strictly construed. *Cochran v. Groover,* 156 Ga. 323 (4), 339 (118 SE 865). A power to sell property does not authorize the person to whom it is given to waste it or to dispose of it for an inadequate consideration. It is the duty of a life tenant to preserve and protect the estate in remainder and the relation of the life tenant to the remaindermen has been recognized by this court to be to a certain extent a fiduciary one and termed an implied or quasi trusteeship. *Barmore v. Gilbert,* 151 Ga. 260, 262 (106 SE 269, 14 ALR 1060); and *Bienvenu v. First Nat. Bank of Atlanta,* 193 Ga. 101, 106 (17 SE2d 257).

In this case the testator did not confer on his wife an absolute power of sale. He authorized her to sell his property and thereby defeat the remainder interest he bequeathed in it to his children, if, and only if, she were in need of funds for her support and maintenance. Compare *Stark v. Chambers,* 140 Ga. 601 (1) (79 SE 535) and *Varnell v. Varnell,* 156 Ga. 853 (3, 4) (120 SE 319). To properly construe the power the testator conferred on his wife, we must look not only to the words of the will conferring it, but to the circumstances sur-

rounding the testator, and to the fact that he had created remainders in favor of his children. *Cochran v. Groover*, 156 Ga. 323, supra. Unless she is in need of funds for her support and maintenance, the words which follow that term of his will have no application. The averments of the response deny that the plaintiff is in need of funds for her support and maintenance and positively state that she is disposing of the testator's property for an inadequate consideration to her natural daughter and son-in-law and for the sole purpose of defeating the interest he bequeathed in his estate to the remaindermen; and since these averments are sufficient to show fraudulent conduct on her part, we think and hold that they raised an issue of fact which the trial judge should have submitted to a jury for determination. The principle of common honesty and the duty the plaintiff, as a life tenant, owes to the remaindermen prohibit her from exercising the power of sale which the testator conferred upon her for any reason except for the bona fide purpose of providing needed funds for her support and maintenance. The power conferred on her to sell the property of the testator's estate "without the order of any court and without the consent, control or interference of any other persons whatsoever" cannot be exercised by her unless and until she is "in need of funds for her support and maintenance"; and such power of sale should not be construed as authorizing her to sell the testator's property for an inadequate consideration and for the wrongful purpose of defeating the interest in it which he bequeathed to the remaindermen.

*Judgment reversed. All the Justices concur, except Head, P. J., who dissents.*

SUBMITTED JUNE 10, 1963—DECIDED JULY 3, 1963.

*King, Ballard, King & Thigpen,* for plaintiff in error.
*Vaughn & Barksdale,* contra.