HOLDER *v.* THE AMERICAN INVESTMENT AND LOAN CO.

1. The evidence showing that the land in Vineville district, which the constable intended to seize by virtue of a tax *fi. fa.*, was a lot consisting of two acres adjoining several adjacent owners, one of whom was Ross, *alias* Hollingsworth, a description in the entry

of levy and in the conveyance subsequently made by the sheriff was too vague and uncertain, the whole description being as follows: "One acre of land, more or less, in the Vineville district, adjoining the property of W. T. Hollingsworth and Ben Ross," and the land of Ross, alias Hollingsworth, being so situated as to make the description equally as applicable to various other acres as it would be to the premises which the officer intended to seize.

2. Where the owner in fee of one undivided half of certain premises is the executrix of the deceased owner of the other half, and besides being tenant for life, under his will, relatively to that half, is empowered by the will to sell in fee as executrix, for reinvestment, a conveyance made by her of the whole premises in fee to a purchaser, which makes no mention of her executorship and does not refer to the will or to any power derived therefrom but purports to be a conveyance made in her own right as sole owner, passes no title to the purchaser as against the rights of remaindermen under the will. Such conveyance is effective to pass her own undivided interest together with her life-estate, but no more.

3. A devise by a surviving tenant in common, her deceased husband having been her cotenant, in which she gives her half-interest in a tract of land, describing it as the tract on which she now lives, "said half-interest having been conveyed to me by deed made jointly to myself and my deceased husband . . by E. H. Bloodworth, the other half-interest in said lands having been conveyed to my said husband," imports on its face a gift of all the interest which she derived from Bloodworth by the deed referred to, including her half of the entire tract as described in that deed. In this respect there is no ambiguity on the face of the devise, and a latent ambiguity raised by extrinsic evidence showing that previously to the execution of the will the testatrix had sold and conveyed a small portion of the tract to another person, would be no reason for not applying, in favor of a bona fide purchaser who purchased without notice of such sale and conveyance, the statutes giving priority to a junior recorded deed over a senior unrecorded deed; and that statute applies where the senior deed was made by the testatrix and the junior by her devisee.

4. There was no error affecting the substantial merits of the controversy, and under the facts no legal result was possible except the one which was reached by directing a verdict in favor of the plaintiff below.                                    Judgment affirmed.

July 23, 1894.

Equitable petition. Before Judge SMITH. Bibb superior court. November term, 1893.

The issue in this case was as to the title to two acres of land. The court directed a verdict for the plaintiff,

and overruled defendant's motion for a new trial. The main questions in the case and the facts in regard to them are sufficiently shown by the head-notes.

FREEMAN & GRISWOLD, for plaintiff in error.
H. V. WASHINGTON and ANDERSON & ANDERSON, contra.