NEW ENGLAND MORTGAGE SECURITY CO.
*v.* BUICE *et al.*, by next friend.

1. A testator in one item of his will devised and bequeathed all his property, of every kind and description, including a tract of land, to his wife and two minor daughters; appointed the wife guardian for them; declared it to be his will and desire that she should support, clothe and educate them decently and liberally, as well as support herself, and for these purposes authorized her "to sell, either publicly or privately, whatever property she might think best to dispose of," and directed that whenever either of the daughters should become of age or marry, she should have certain specified articles of personal property. The next item of the will, so far as now material,

was in these words: "The remainder of the property, after carrying out the foregoing provisions of this will, I give absolutely to my said wife, free from debts, control or liability of any future husband." *Held,* that this will vested absolutely in the testator's widow the title to an undivided one third of all his property, and in each of the two daughters the title to an undivided third of the same, subject to be divested either by an exercise of the power of sale conferred upon the widow, or by her full compliance with the provisions made in the will for their benefit.

2. The making of a deed by the widow in her individual name only, purporting to convey to another the entire title to the above mentioned tract of land, in which deed no reference was made either to the will or the power thereby conferred, is not to be construed as an exercise of that power, but merely as having the effect of passing to the grantee the widow's individual interest in the property. Consequently, such deed conveyed to the grantee nothing except the grantor's undivided one third, unless she had previously acquired full title to the premises by compliance with the terms of the will, and had thus divested the title of the daughters to the remaining two thirds.

3. It affirmatively appearing from the evidence in this case that the widow had not complied with the above recited provisions of the will, and therefore that the daughters' title had not been divested before she undertook to convey the land, there was no error in practically directing a verdict which secured to them their two thirds of the proceeds of a sale of the land which was to take place for the benefit of all the parties interested. Irrespective of other questions presented by the record, this verdict was right, and ought not to be disturbed.

August 24, 1896.

Equitable petition. Before Judge Gober. Forsyth superior court. August term, 1895.

*G. L. Bell* and *H. L. Patterson*, for plaintiff in error.
*H. P. Bell*, contra.

Lumpkin, Justice.

Young P. Poole died testate, seized and possessed of the tract of land involved in the present controversy. His widow, Mrs. Maggie E. Poole, who was a second wife, and two minor daughters of her, survived him. The third item of his will, after reciting the provisions which the tes-

tator had made for numerous sons and daughters, the children of his first wife, was in the following language:

"I therefore hereby give all my property, both real and personal, of every kind and description whatever, to my wife Maggie E. Pool, and our daughter Pearl E. Pool, and any further child or children my said wife may have by me. And it is my will and my desire that my wife, whom I hereby appoint guardian of my daughter Pearl E. Pool, and my other children or child she may have by me, shall support, clothe and educate all the children she may have by me, decently and liberally, as well as support herself; and for this purpose she is hereby authorized to sell, either publicly or privately, whatever property she may think best to dispose of. Whenever Pearl E. Pool, or any other future children or child she may have by me, becomes of age or marries, my wish is that each of said children shall have each, if girls, a good cow and calf, a good feather bed, bedstead and bed furniture; and if boys, a good horse, bridle and saddle, bedstead and bed furniture."

The fourth item of the will, so far as now material, was as follows:

"The remainder of the property, after carrying out the foregoing provisions of this will, I give absolutely to my said wife, free from debts, control or liability of any future husband."

In 1887, Mrs. Pool borrowed from one Flint $600, for which she gave her promissory note, and secured its payment by conveying to him the above mentioned land, taking his bond for a reconveyance upon payment of the note. The deed from Mrs. Pool was executed in her individual name only, and contained no reference whatever either to the will or to the power thereby conferred upon her. Flint transferred the note, and conveyed the land, to the mortgage security company, which subsequently obtained a judgment against Mrs. Pool for the amount of the note; execution was issued, a deed filed in the clerk's office conveying the land back to her, and the execution was levied

upon the land.   Pearl E. Buice and Alice Pool, the minor
children above referred to, the latter having been born
after the execution of the will, brought an equitable peti-
tion against the mortgage security company, Mrs. Pool
and the sheriff, alleging that under their father's will they
became the owners of an undivided two thirds interest in
the land, and that their mother had no right to convey the
same to Flint for the purpose of securing the payment of
her promissory note to him.   They prayed that the sheriff
be enjoined from selling the land under the execution in
favor of the mortgage security company; that the title to
two thirds of the land be decreed to be in them; that the
above mentioned deeds be set aside and cancelled, so far
as they related to said two thirds interest in the land; that
a sale be had, under a decree to be rendered upon their peti-
tion, and that two thirds of the proceeds arising therefrom
be paid over to them.   The defense set up by the mortgage
security company was, in brief, that Mrs. Pool had bor-
rowed the money for which she gave her note to Flint, and
had expended the same in carrying out the provisions con-
tained in the third item of the will; and that in executing
the deed to Flint, she was exercising the power conferred
upon her by the will.

It appeared at the trial that Mrs. Pool had not carried
out the provisions which the testator had made in his will
for the benefit of the plaintiffs.   The evidence showed
conclusively that they had not been decently and liberally
supported, clothed and educated at the expense of the
estate, and that neither of them had received the cow and
calf, feather bed, bedstead and bed furniture, specifically
bequeathed to them in the third item of the will.   It af-
firmatively appeared, on the contrary, that from early
childhood these girls had made their living almost entirely
by the labor of their own hands; that they had been poorly
and scantily clothed; and that the limited education re-
ceived by them had been acquired in attendance upon the

public schools, without cost to the estate.    The instructions of the trial judge to the jury practically amounted to a direction that they render a verdict declaring that the land should be sold, and that two thirds of the proceeds of the sale should be paid over to the plaintiffs.    The bill of exceptions complains of the overruling of a motion for a new trial, filed by the mortgage security company.    It contained several grounds, and presented quite a number of questions.    We shall, however, notice those only of them by which, in our opinion, the case is controlled.

The material portions of the will of Young P. Pool appear in the foregoing preliminary statement, and our construction of these testamentary provisions is stated with sufficient clearness in the first head-note.    In the light of the facts recited, we hold that the title of the daughters to an undivided two thirds of the land was not divested, either by an exercise of the power of sale conferred by the will upon Mrs. Pool, or by compliance on her part with the provisions made in the will for the benefit of her minor daughters.    The deed from Mrs. Pool to Flint upon its face purports to convey the entire tract of land as her property.    It makes no reference whatever either to the will or the power thereby conferred, and therefore does not itself indicate that it was intended as an exercise of such power, or as passing any greater interest in the land than that held by the grantor in her individual right.    It must be borne in mind that Mrs. Pool undoubtedly owned an undivided third of the land.    This is a most important fact in determining whether or not there was an intention on her part to execute the power conferred upon her.    If the will had simply vested in her the power of sale, without giving her any individual interest in the title, the making of the deed might be treated as an exercise of the power, although the deed itself did not expressly so indicate. This, however, would only be true in the event the deed could have no operation at all unless regarded as an attempt

to execute the power. Where the donee of a power has also an interest in the property in his own right, his deed, if it makes no reference to the power, will convey nothing but his own interest, and will not be held to be an execution of the power. "The general rule of construction, both as to deeds and wills, is, that if there be an interest and power existing together in the same person over the same subject, and an act be done without a particular reference to the power, it will be applied to the interest and not to the power. If there be any legal interest on which the deed can attach, it will not execute a power. If an act will work two ways, the one by an interest, and the other by a power, and the act be indifferent, the law will attribute it to the interest and not to the authority." 4 Kent's, Com. side pp. 234, 235. This whole subject is very thoroughly discussed by Chief Justice Bleckley in *Terry et al.* v. *Rodahan et al.*, 79 *Ga.* 278. See specially pages 284, 285, 286, and the authorities cited. It therefore seems clear that Mrs. Pool's deed cannot be held to have passed to Flint the entire title to the land, upon the idea that it was executed under the authority conferred upon her by the will.

The next inquiry is, did this deed, treating it as nothing more than an attempt by her to convey whatever interest she had individually in the land, pass to Flint the full title thereto, upon the theory that she had divested her daughters' title by supporting, clothing and educating them, and by delivering to them the specific articles of personalty bequeathed to them by the will? In other words, had she, before making this deed, paid them for their interest in the land in the manner pointed out by the testator, so as to make herself the full owner of the land, as contemplated by the fourth item of the will? In the light of the facts above recited, it is obvious that she had not; and the conclusion follows irresistibly that, at the time of making the deed, Mrs. Pool's individual interest in the land was limited to an

undivided one third. Consequently, this is all that went to Flint, or through him to the mortgage security company.

Irrespective, therefore, of all other questions, the testator's minor daughters were entitled to their two thirds interest in the land, or to two thirds of the proceeds of a sale of it, which the judgment provided should be had for the benefit of all the parties at interest.

*Judgment affirmed.*