YOUNG *v.* INSURANCE CO.

AND

YOUNG *v.* CROZIER.

(*Knoxville.* October 5, 1898.)

1. WILLS. *Gives wife life estate with power to sell and reinvest.*

Under a will which, though indefinite and informal, manifests intention to make a devise to the testator's wife, and provides that she is to have full and complete control of the property, with the right to transfer or otherwise dispose of the same, and that, upon her decease, the property or the proceeds thereof shall become the property of his daughter, the wife takes a life estate, with remainder to the child, with power in the wife, however, to sell and reinvest. (*Post, pp. 312–314.*)

2. SAME. *Purchaser's duty as to application of proceeds of land sold under power.*

A *bona fide* purchaser of lands, at a fair price, sold pursuant to a power in a will authorizing the sale for reinvestment, is not bound to see to the application or reinvestment of the proceeds. (*Post, p. 317.*)

Cases cited: 15 Gratt., 11; 62 Tex., 356; 69 Mo., 520.

3. DEED. *Held to be valid execution of a power to sell.*

A deed purporting to convey the fee, executed by the owner of a life estate, with a power of sale of the remainder, will be deemed an exercise of the power of sale, although there is no recital to that effect therein, and it appears that the grantor supposed that she owned the fee, and that she was conveying only her own title. (*Post, pp. 314–317.*)

Cases cited: Bradley *v.* Carnes, 94 Tenn., 27; Gee *v.* Graves, 2 Head, 238; 1 Story, 426; 134 U. S., 572; 11 Am. St. Rep., 420;

11 Ohio St., 277; 68 Me., 100; 64 Mo., 77; 94 Ind., 228; 91 Ind., 221; 46 Am. St. Rep., 591; 34 Am. Rep., 136.

---

FROM HAMILTON.

---

Appeal from Chancery Court of Hamilton County. T. M. McCONNELL, Ch.

DICKEY & PEEPLES for Young.

BLOOM & BODDY for Insurance Co.

E. WATKINS for Crozier.

WILKES, J.   These causes, heard at different times in the Court below and in the Court of Chancery Appeals, involve the same questions of law, and have been heard together in this Court. The facts, so far as necessary to be stated, are that W. C. Young made his last will and testament in these words:

"I, W. C. Young, farmer and fruit grower of the Fifth Civil District of Hamilton County, Tennessee, make this, my last will. I give, devise, and bequeath my estate and property, real and personal, as follows: That is to say, my farm, located on Mission Ridge and described and bounded as follows: On the north, east, and west by the lands of T. D. Dodds, on the south by the lands of N. Huddle,

and containing nine and one-third acres, and fully described in a deed given by D. T. Dodds to me, bearing date October 27, 1883. I also give, devise, and bequeath all my personal property and effects. I also devise and wish my wife, S. J. Young, to have full and complete control, to transfer and re-invest or otherwise dispose of the property, or any part of the same, as she may wish. I further desire that at the decease of my wife the property, as above described, or the proceeds thereof, shall become the property of my daughter, Essey May Young. I appoint my wife, S. J. Young, sole executor of this, my last will and testament . . . August 17, 1885.''

The complainant was an infant two years old when her father died, and her mother soon afterward remarried and has sold the real estate mentioned in the will, and the defendants hold under title from her. The real question presented in each case is the proper construction of the will, and the power of the widow and mother, thereunder, to dispose of the real estate. In each case the Court of Chancery Appeals held that the widow of W. C. Young took a life estate in the land, with remainder to her child. Hence she could not convey the lands as a fee simple owner. In the first case, the Court of Chancery Appeals held that the sale and conveyance by the widow was not a valid execution of the power conferred by the will, taking the statement of the bill as true on demurrer, and, in the second case, that

the conveyance was a valid execution of such power as a matter of law and judicial construction.

The errors assigned are, in substance, that the Court of Chancery Appeals should have held that the widow took an absolute estate in fee in the land under the will. We are of opinion there is no error in this holding. Taking the whole instrument together, while it is indefinite and informal in not naming the devisee, it was clearly a devise to the wife, with remainder to the child, with power in the mother, however, to sell and reinvest. Upon this branch of the case we need not dwell. This is not in conflict with *Bradley* v. *Carnes*, 10 Pickle, 27, as is argued.

The second assignment raises the question whether the sale and conveyance by the widow were valid executions of the power to sell given in the will, conceding that the widow has a life estate with remainder to the child. The defendants are in possession of the lands, and so far as the proof shows, are innocent purchasers unless they are rendered otherwise by the recitals in the will and deeds.

It is insisted that a will or deed claimed to be in execution of a power ought to show expressly upon its face that it is executed in pursuance of the power. We have no direct adjudication on the precise question in this State.

In the case of *Gee* v. *Graves*, 2 Head, 238, 243, it was suggested that it was not necessary to the due execution of a power that it should be recited

or expressly referred to; that the intention to execute it would become manifest by such description or notice of the estate or property, the subject-matter of the power, in the conveyance, as would show that it included something that the party did not have otherwise than under the power, and that the conveyance would be wholly inoperative unless applied to the power, but the question was expressly reserved.

The leading case out of the State is *Blagg* v. *Mills*, 1 Story, 426. In that case it was held that it was not necessary that the intention to execute the power should appear by express terms or recitals in the instrument, but that it must appear by words, acts, or deeds demonstrating the intention. Judge Story lays down three classes of cases which have been held to indicate a sufficient intention to execute the power: (1) When there is some reference in the will or other instrument to the power; or (2) a reference to the property which is the subject of the power; or (3) when the instrument executed would be ineffectual and a nullity, and could have no operation except as an execution of the power. This case is approved and followed in *Lee* v. *Simpson*, 134 U. S., 572, and the rule is said to be supported by a great weight of authority, and many cases are cited.

In *Terry* v. *Rodahan*, 11 Am. St. Rep., 420, it was held that when the deed described the property which was the subject of the power, it would oper-

ate as an execution of the power although the grantee supposed himself to be the owner of the property, and that the conveyance would be simply a transfer of his own title.

In *Bishop* v. *Remple*, 11 Ohio St. Rep., 277, there was a reference to the property, but none to the power, and. it was held that the terms of the deed could not be satisfied except they be treated as an execution of the power.

In *Hall* v. *Preble*, 68 Me., 100, it is said: "It is not necessary that there should be an express declaration in the deed that it is made in execution of the power, it is sufficient if the deed purports to convey a fee. When a person conveys land for a valuable consideration, he must be held as engaging with the grantee to make the deed as effectual as he has the power to make it." See, also, *Owen* v. *Ellis*, 64 Mo., 77; *Campbell* v. *Johnson*, 65 Mo., 439; *Douney* v. *Buennagel*, 94 Ind., 228; *South* v. *South*, 91 Ind., 221; 46 Am. St. Rep., 591; *Funk* v. *Egglestone*, 34 Am. Rep., 136.

It is urged that the mother understood herself as owning the fee in the land, and conveyed under this impression, and not intending to execute a power, but this would be immaterial under the authorities already cited. *Terry* v. *Rodahan*, 11 Am. St. Rep., 420, and other cases cited. And this is in accord with the theory of conveyancing under our laws, that the grantor parts with whatever and all of the

title he has or can convey, unless a contrary intention appear.

It is said, or rather suggested, that it was the duty of the purchaser to see to the application or reinvestment of the proceeds, but such is not the law. *Davis* v. *Christian*, 15 Gratt., 11; *Cooper* v. *Homer*, 62 Tex., 356; and *Kinney* v. *Matthews*, 69 Mo., 520, where a special form of investment was directed and the rule was nevertheless maintained. In the present cases it appears that the property has been sold for a fair price. The wife made a warranty deed. The deeds referred to the will as the source of title. The property is described as in the will, and the deeds can only take effect according to their terms, by treating them as executions of the power and conveying the estate which, under the will, the widow or mother was authorized to convey. It thus falls clearly within the rules laid down by Mr. Justice Story.

The decree of the Court of Chancery Appeals in No. 35 is therefore reversed, and in No. 61 is affirmed. The original complainant will pay costs of both suits, and they are dismissed.