MAHONEY, executor, *et al. v.* MANNING *et al.*

By deed which recited that a husband and wife were the parties, respectively, of the first and second part, the husband conveyed a lot of land to the wife for life and at her death to her children, with full power in the life-tenant to sell and convey the fee. The wife afterwards conveyed the land in fee to another for a fair consideration, by warranty deed, describing the land as "being the property conveyed by A. M. Manning [the husband] to Sarah J. Manning [the wife] by deed dated seventh day of September eighteen hundred and sixty-six." *Held*, that the reference in the wife's deed to her source of title which conferred upon her a power to sell and convey the fee, in connection with the other facts stated above, was sufficient to show that her deed was in execution of the power of sale.

Decided February 16, 1910.

Equitable petition. Before Judge Hammond. Richmond superior court. January 30, 1909.

*Lamar & Callaway,* for plaintiffs.

*Austin Branch* and *A. L. Franklin,* for defendants.

EVANS, P. J. On September 7th, 1866, Andrew M. Manning conveyed to Sarah J. Manning a certain lot of land. The deed recites that it is made and entered into between Andrew M. Manning of the one part and his wife, Sarah J. Manning, of the other part. The habendum and tenendum clause is as follows: "To have and to hold the above-described property unto her, the said Sarah J. Manning, for her sole and separate use during her natural life, free from the debts, liabilities, contracts, or control of her present

or future husband; and at the death of Sarah J. Manning, to the children she now has or may hereafter have by her present husband; with full power to the said Sarah J. Manning to sell the said property at any time she may deem proper and reinvest the proceeds thereof in other property, subject to the same uses and limitations as set forth in this deed of conveyance, and for which purpose it shall not be necessary to obtain any order or decree of court or of the chancellor." On May 8th, 1874, Sarah J. Manning conveyed the same land to M. Mahoney. The deed recites, that it is made between Sarah J. Manning of the one part and M. Mahoney of the other part; that it is made upon a consideration of $1,500, the receipt whereof is acknowledged. After a particular description of the land the deed further describes it: "the same being the property conveyed by A. M. Manning to Sarah J. Manning by deed dated seventh day of September, eighteen hundred and sixty-six." The title is conveyed to Mahoney in fee simple; the deed contains a general warranty of title. On January 22, 1907, Mahoney and his grantee, Charles J. Vaughn, brought an action in the nature of quia timet to quiet title, against Sarah J. Manning and her children, George W. Manning and Rosa Sagasy, alleging the foregoing facts, and that the $1,500 which was paid by Mahoney to Mrs. Manning as the purchase-price of the land then represented the full market value of the entire fee in the land, and praying a construction of the deed, and, in the alternative, that should the court construe the deed not to be a good execution of the power, that it be reformed to speak the agreement, which is fully set out in the petition. The petition was dismissed on demurrer. The other allegations contained in the petition are not given, because the main and controlling question in the case is whether the deed from Mrs. Manning to Mahoney was a good execution of the power of sale contained in the deed from A. M. Manning to Sarah J. Manning.

There is a great wealth of authority on the subject of the execution of powers, and a study of the numerous cases tends rather to bewilderment in perception than to clearness in conception of the real principle running through them. The earliest reported case on the subject is that of Sir Edward Clere, to be found in 6 Coke, 17, which holds that a will can not operate as an execution of a power unless it refers to the power or the subject of it, or unless

the will can have no operation without supposing that an execution of the power was intended. In Scrope's case, 10 Coke, 144, this rule was enlarged by a holding that where no specific reference is made to the power, if the intention to execute the power be unequivocally manifested by any circumstances occurring in the case, or any act of the owner of the power, the conveyance will be construed as an execution of the power. Nowell *v.* Roake, 2 Bing. 503. The principle enunciated in Sir Edward Clere's case is said to be the technical rule, which is thus stated in 4 Kent's Com. §234: "The general rule of construction both as to deeds and wills is that if there be an interest and power existing together in the same person over the same subject, and an act be done without particular reference to the power, it will be applied to the interest and not to the power. If there be any legal interest on which the deed can attach, it will not execute a power. If an act will work two ways, the one by an interest and the other by a power, and the act be indifferent, the law will attribute it to the interest and not to the authority." Concerning this general rule Lord Eldon said, in Normack *v.* Horton, 7 Vesey Jr. 398: "I am not sure the rule does not oblige the court to act against what probably might have been the intention nine times in ten." To escape, as far as possible, from the unhappy dilemma to which Lord Eldon referred, the courts have deduced from the pronouncements in Sir Edward Clere's case and Scrope's case the fundamental principle that where there is no express reference to the power, yet if there be in the instrument a certain disclosure of the intention of the donee of the power to act under the power, it will be a good execution of it. For a review of these cases see Blagge *v.* Miles, 1 Story, 427. Three classes of cases were judicially ascertained where it was said that the intention to execute will sufficiently appear: (1) where there is some reference to the power in the instrument of execution, (2) where there is a reference to the property which is the subject-matter on which execution of the power is to operate, and (3) where the instrument of execution would have no operation, but would be utterly insensible and absurd, if it were not the execution of the power. These illustrative instances are taken from the quotation found in *Terry* v. *Rodahan*, 79 *Ga.* 278, 285 (5 S. E. 38, 11 Am. St. R. 420).

It is said that the strict technical rule obtains in this State; and

that where the donee of a power has also an interest in the property in his own right, his deed, if it makes no reference to the power, will convey nothing but his own interest, and will not be held to be an execution of the power. We will now proceed to examine the Georgia cases for the purpose of ascertaining the accuracy of this contention. In *Terry* v. *Rodahan,* supra, in *Lee* v. *Giles,* 124 *Ga.* 494 (52 S. E. 806), and in *Middlebrooks* v. *Ferguson,* 126 *Ga.* 232, 236 (55 S. E. 34), the maker of the instrument had no interest in the property conveyed, but did have a power of sale over the property; and the holding in each of these cases was, that where the donee of a power of sale, who individually has no legal interest in its subject, executes, without referring to the power or the instrument creating it, a fee-simple deed to the land covered by it, the deed is to be construed as an execution of the power.. In *Clarke* v. *East Atlanta Land Co.,* 113 *Ga.* 22 (38 S. E. 323), the maker of the deed was a trustee for his wife and also for his children. Both wife and children had an interest in the property, and he, as trustee, had a power of sale. The maker signed the deed as trustee for his wife; and it was held that he did not even pretend to convey the interest of the children, which did not pass under his deed. In the case of *Holder* v. *American Investment &c. Co.,* 94 *Ga.* 640 (21 S. E. 897), the second note of the syllabus is as follows: "Where the owner in fee of one undivided half of certain premises is the executrix of the deceased owner of the other half, and besides being tenant for life, under his will, relatively to that half, is empowered by the will to sell in fee as executrix, for reinvestment, a conveyance made by her of the whole premises in fee to a purchaser, which makes no mention of her executorship, and does not refer to the will or any power derived therefrom, but purports to be a conveyance made in her own right as sole owner, passes no title to the purchaser as against the rights of remaindermen under the will. Such conveyance is effective to pass her own undivided interest together with her life-estate, but no more." It will be observed that the court took pains to state that the conveyance made no mention of the will, or that the maker was an executrix, and made no reference whatever to any power of sale derived from the will. In other words, there was nothing in the instrument to unequivocally disclose that it was intended as an execution of a power. In *New England Mortgage Co.* v. *Buice,* 98 *Ga.* 795 (26 S. E. 84),

the testator devised all of his property to his wife and two minor daughters, appointed his wife guardian for them, declaring it to be his will and desire that she should support, clothe, and educate them decently and liberally, as well as support herself, and for these purposes authorized her to sell, either publicly or privately, whatever property she might think best to dispose of; and it was held that a deed by the widow in her individual name, purporting to convey to another the entire title to the land passing under the devise, in which deed no reference was made either to the will or to the power thereby conferred, is not to be construed as an exercise of the power conferred by the will. In the opinion the learned Justice called attention to the deed claimed to be an execution of the power, and said: "It makes no reference whatever either to the will or to the power thereby conferred, and therefore does not itself indicate that it was intended as an exercise of such power, or as passing any greater interest in the land than that held by the grantor in her individual right." These are the only cases which directly bear upon the subject we have in hand. In none of them was the rule we are following in this case rejected, but on the contrary, though recognizing its principle, its application was denied because neither of the instruments made any reference to the will which was the source of title and conferred the power. This negative pregnant is especially significant when we consider the throes through which other courts have gone in an effort at rationalization of the austere technical rule promulgated in Sir Edward Clere's case. We take these cases to mean, if there had been a reference to the conveyance conferring the power, that such reference would evince an intention to execute the power, and would be so construed. So that we conceive the rule of law, as expressed in these cases, to be, that in order for an instrument to be effective as an execution of a power, where the maker is the owner of an interest in the land conveyed and also of a power to convey the fee, the recitals in the instrument must either expressly refer to the power, or by necessary implication clearly indicate that an execution of the power is intended. In most jurisdictions a more liberal rule obtains, which is thus stated in 31 Cyc. 1122. "In the execution of a power, a direct reference to the power is not necessary, nor is it necessary that the intention to execute it should expressly appear upon the face of the instrument; but it must be apparent that the

transaction is not fairly or reasonably susceptible of any other interpretation than as indicating an intention to execute the power; and this intention is to be collected from all the circumstances." See the cases there collated.

Coming closer to the substance of the question now before us: Mrs. Manning recites in her deed that the consideration of the property sold is $1,500. The property is described as "being the property conveyed by A. M. Manning to Sarah J. Manning by deed dated the seventh day of September, eighteen hundred and sixty-six." The deed purports to convey the fee-simple title, and contains a general covenant of warranty. The petition alleges that the consideration alleged in the deed as being paid for the land was the full value thereof, and the demurrer admits this fact. Mrs. Manning's deed is not fairly susceptible of any other interpretation than that it was intended to execute her power of sale over the fee. In the first place, it refers to the conveyance which created the power. In this respect there is a vital distinction between the case now in hand and the *Holder* and *Buice* cases, supra. In the deed from her husband Mrs. Manning is given a life-estate, with power of disposition of the fee; and when she undertook to convey the fee, expressly referring to the deed giving her power so to do, she impliedly referred to the power. After conveying the fee-simple title, she covenants to defend that title against the world. To construe the deed as conveying only her life-estate is to attribute to her the absurdity of charging herself with a liability upon her covenant when there was not the slightest obligation to take upon herself such a responsibility.

There is another point of differentiation between the case at bar and the cases in the 94 and 96 *Ga.* Neither of these cases dealt with a sale by a life-tenant, who in the same capacity had a right to sell the fee, but they dealt with a case where a life-tenant was also executor or guardian; in other words, the grantor in those cases owned the interest in his individual right and the power of sale in a representative capacity. In the present case Mrs. Manning owned the life-estate coupled with the power of disposition of the fee; and the question is whether her deed indicates her intention to convey only the life-estate or the entire fee. As we have pointed out, her deed discloses, by a reference to the source of her title, and by her conveyance of a fee and warranting the title

thereto upon a consideration admitted by the demurrer to be the full value of the land, that she made it in execution of the power, and with intent to convey the fee-simple title thereunder. 22 Am. & Eng. Enc. Law (2d ed.), 1116; Young *v.* Mutual Life Ins. Co., 101 Tenn. 311 (47 S. W. 428). We can give full effect to our holding in the present case without contravening in the least the points decided in the *Holder* and *Buice* cases.

> *Judgment reversed. All the Justices concur.*