## WILLIE v. HINES-YELTON LUMBER COMPANY et al.

1. A testatrix devised to her husband and her children by him certain lands, "with all the rights, members, and appurtenances to the said lot of land in any wise belonging, free from all charge or limitation whatever. To his own proper use, benefit, and behalf forever, with full power to dispose of same by will or otherwise as he may deem proper." In the next (the 4th) item of the will the testator devised to her husband "for and during his natural life" the lands above devised, as the court construes the will, "with remainder over at his [the husband's] death to" certain named children. *Held:* Construing these two items of the will together, the husband, or the husband and the children named, took a life-estate, with remainder over to the children named in item 4. And the power of sale given in the third item was in no way affected by the provision in the fourth item.

2. Where under the provisions of a will an estate for life is given to one in certain lands upon which there is growing timber, and a power of sale and disposition is contained in the will, broad enough to authorize the sale by the life-tenant of all or a part of the property, and such life-tenant executes a conveyance of "all the timber" upon the lands to a named purchaser, without making reference to the power, the conveyance will be good, because the conveyance would be entirely void and nugatory and purposeless unless executed under the power; for the life-tenant, while having an interest in the lands, had no authority to sell and convey all the timber.

No. 5378. OCTOBER 15, 1926. REHEARING DENIED NOVEMBER 25, 1926.

Petition for injunction. Before Judge Franklin. Columbia superior court. March 13, 1926.

*M. C. Barwick,* for plaintiff.

*J. B. & T. R. Burnside,* for defendants.

BECK, P. J. On July 5, 1922, W. L. Chamberlin conveyed to the Hines-Yelton Lumber Company the timber growing on certain described land in Columbia County, Georgia. This conveyance was duly executed and recorded. Recently the Hines-Yelton Lumber Company contracted with certain sawmill operators to cut and saw this timber; and after these operators had begun cutting and sawing, Mrs. F. H. Willie instituted proceedings to enjoin the Hines-Yelton Lumber Company and its employees, the sawmill operators, from cutting and sawing the timber. The plaintiff contended that the land and timber thereon belonged to her; that she had acquired full title thereto on February 22, 1926; and that W. L. Chamberlin, who had joined in the conveyance to her on that date, had no right or power to make a valid convey-

Powers, 31 Cyc. p. 1122, n. 70.
Wills, 40 Cyc. p. 1626, n. 1; p. 1835, n. 45.

ance of the timber at the time he sold same to Hines-Yelton Lumber Company in July, 1922. The defendants contended that W. L. Chamberlin did have the legal right, power, and authority to make a valid conveyance of the timber at the time he sold it to the Hines-Yelton Lumber Company in July, 1922, and that his conveyance to that company was valid and put the title to the timber in that company, with full right to enter upon the land and cut and saw the timber thereon into lumber and remove the same from the land. The defendants' contention was sustained by the judgment of the court below.

1. No question is raised as to the title of the petitioner to the land upon which the timber stands. The controlling question is, whether or not W. L. Chamberlin had the right and authority to sell and make conveyance of title to the timber in question at the time he actually conveyed it; and the decision of this question depends upon the construction of the will of Mrs. Mamie Chamberlin; the plaintiff contending that under said will W. L. Chamberlin had no right or authority to convey the timber to the purchaser, while on the other hand the defendants insist that under the will Chamberlin did have the right and authority to sell and convey. The first two items of the will of Mrs. Mamie Chamberlin give direction as to burial, payment of debts, etc. The third and fourth items of that instrument are as follows:

"3. I give, bequeath, and devise to my husband, Wyatt L. Chamberlin, and my children by him, for all of my lands and improvements thereon situated on the north by lands of R. W. Lamkin and children of Jim Lamkin, on the east by lands of John Avery and Martha. Ann Ramsey, on the south by Nora Germany and Daniel Willingham, on the west by lands of R. W. Lamkin. Said land lying in district No. 3, being the family residence, with all the rights, members, and appurtenances to the said lot of land in anywise belonging, free from all charge or limitation whatever. To his own proper use, benefit, and behalf forever, with full power to dispose of same by will or otherwise, as he may deem proper. I also give and bequeath to my said husband, in the same unreserved manner, all my household and kitchen furniture of every sort whatsoever, and my buggy, wagon, horses, mules, cows, and hogs.

"4. I give, bequeath, and devise to my said husband for and during his natural life, as aforesaid, with remainder over at his death to my sons I. L. Chamberlin and Nick C. Chamberlin in equal parts, share and share alike. If either my sons or daughters herein mentioned should die before this will takes effect, leaving no wife or husband and no child or children, then the entire estate in remainder hereby created is to go to the survivor of them; and if one of them be dead, leaving child or children, such child or children are to take per stirpes in lieu of their deceased parents."

Whether or not, in that part of item 3 of the will preceding the language which confers the power of disposition of the property, the testatrix devised the land in question, it being the land upon which the timber in controversy is growing, to Wyatt L. Chamberlin in fee simple, it is unnecessary to decide; because, when we consider item 3 and item 4 together—and all parts of the will should be considered together in order to arrive at the intention of the testator,—it is clear that he was given only a life-estate, with remainder over to the devisees named in item 4. The devise in item 4 relates necessarily to the property devised and bequeathed in item 3, though it is not specifically referred to. The first part of item 4 devises to the husband of the testatrix, "during his natural life as aforesaid, with remainder over at his death," etc., and can only have reference, if given effect at all, to the property described in item 3. Thus reading and construing item 4, it is manifest that a life-estate is given to the first tenant, W. L. Chamberlin. Or, if a life-estate is given W. L. Chamberlin in common with the children of testator by the husband named, the construction would still be the same so far as relates to W. L. Chamberlin's power to sell and dispose of the property. Not only does the language of item 4, when construed in connection with item 3, create a life-estate in the husband, with remainder over to the children, but the power to sell and dispose would be unnecessary and meaningless if we ascribe to the testator the intention to devise a title in fee simple to the husband; for if it was in fee simple, a power to sell would be unnecessary. Of if we were to hold that item 3 does give a title in fee simple to the first tenant, and that was cut down by the provisions in item 4, we would not destroy the power to sell and dispose of the property. In the case of *Melton* v. *Camp,* 121 *Ga.* 693 (49 S. E. 690), it was held: "A power

is not property but a mere authority, and an absolute power of disposal is not inconsistent with an estate for life only. The gift of such power will not enlarge the life-estate previously given, but confers an authority in addition thereto." See also *Cannon* v. *Laing,* 153 *Ga.* 88 (111 S. E. 565). In 30 Am. & Eng. Enc. L. (2d ed.) 738, the following rule is stated: "It is clear, however, that by appropriate expressions of intent the power (of disposition) will not refer merely to the life-interest of the first taker, but will give him a life-estate coupled with a power to dispose of the entire estate absolutely, which power, if exercised during his lifetime, is effective to pass a. fee or absolute interest in the estate to his purchaser or legatee; but if such a power is not exercised during the life of the devisee, the estate will go to the heirs or next of kin of the testator as intestate property, or to the remaindermen named in the will in case such a remainder has been created; for it is well settled that a power of sale or testamentary disposition in the life-tenant does not necessarily defeat a remainder or executory interest."

2. It follows from what we have said that under the broad power contained in the will W. L. Chamberlin had the right to sell and convey the timber on the lands in question. And if the conveyance executed by him had reference to that power, the conveyance put the right to the timber in the lumber company, the defendants. The plaintiff invokes the rule that the general rule of construction both as to deeds and wills is, that, if there be an interest and power existing together in the same person over the same subject, and an act be done without particular reference to the power, it will be applied to the interest and not to the power. *Mahoney* v. *Manning,* 133 *Ga.* 784, 786 (66 S. E. 1082); *New England Mortgage Co.* v. *Buice,* 98 *Ga.* 795 (26 S. E. 84); *Nort* v. *Healey Real Estate &c. Co.,* 136 *Ga.* 287 (71 S. E. 471). In the *Mahoney* case, after citing all the cases which bear directly upon the subject, Mr. Justice Evans, delivering the opinion of the court, said: "We take these cases to mean, if there had been a reference to the conveyance conferring the power, that such reference would evince an intention to execute the power, and would be so construed. So that we conceive the rule of law, as expressed in these cases, to be, that in order for an instrument to be effective as an execution of a power, where the maker is the owner of an

interest in the land conveyed and also of a power to convey the fee, the recitals in the instrument must either expressly refer to the power, or by necessary implication clearly indicate that an execution of the power is intended." And in the case of *Terry* v. *Rodahan,* 79 *Ga.* 278 (5 S. E. 38, 11 Am. St. R. 420), it was said: "A donee of a power may execute it without referring to it, or taking the slightest notice of it, provided that the intention to execute it appear." And again, "The intention to execute a power will sufficiently appear— (1) when there is some reference to the power in the instrument of execution; (2) where there is a reference to the property which is the subject-matter on which execution of the power is to operate; and (3) where the instrument of execution would have no operation, but would be utterly insensible and absurd, if it was not the execution of a power." It was further said: "The principle may be stated thus: An instrument which will serve to execute a power, and which purports to convey the specific realty to which the power applies, will be referred to an interest and not to the power, if the maker had an interest on which the conveyance could attach; but if he had no such interest, it will be referred to the power, and be treated as made in execution thereof." Applying the rule thus laid down, the conveyance of the timber, though it did not refer to the power in the will, was necessarily in execution of the power. Keep in mind the fact that this lease conveyed "all the timber" upon the lands devised in item 3 of the will of Mrs. Mamie Chamberlin; it does not purport to convey the lands themselves. W. L. Chamberlin, the lessor, was at most a life-tenant of the lands upon which the timber was growing, and he had no right or authority to sell and convey this timber except under the power contained in the will under consideration. If he had sold the land, possibly the rule invoked by the plaintiff in error as stated above would be applicable; for he did have an interest in that which he might have conveyed. But being a mere life-tenant of the land upon which the timber was growing, he could not sell and dispose of that timber, as we have said, except under the power. Generally "while a tenant for life or years is entitled, of common right, to take prudently sufficient estovers, unless restrained by contract, or to take timber for reasonable repairs (Gower *v.* Eyre, Coop. 160; Alexander *v.* Fisher, 7 Ala. 514; Calvert *v.* Rice, 91 Ky. 533 [16 S. W. 351,

34 Am. St. R. 240]; yet such tenant has no right to sell the timber, where such sale is not an incident to the reasonable enjoyment of his estate." *Smith* v. *Smith,* 105 *Ga.* 106, 110 (31 S. E. 135) ; *Lee* v. *Rogers,* 151 *Ga.* 838 (108 S. E. 371).

Wherefore we conclude that the execution of this deed was the execution of the power contained in the will and is applicable to it; and it follows that the court did not err in refusing to enjoin the defendants from cutting the timber conveyed by the lease.

*Judgment affirmed. All the Justices concur.*