20984.   TUCKER, *alias* LAWSON, *v.* THE STATE.

DECIDED MARCH 31, 1931.

*S. W. Fariss Jr.*, for plaintiff in error.

*M. Neil Andrews, solicitor-general, Dean Owens,* contra.

LUKE, J.   John Tucker, alias Johnny Lawson, was convicted of bigamy.   His exception is to the judgment overruling his motion for a new trial.

Mrs. Alice Kutz-Lawson testified: that she married the defendant on May 24, 1930; that after she heard that the defendant had "married this Cash woman" on June 10, 1930, "he said he had been living with her, but was not married to her;" and that when witness talked to him after he had been put in jail, "he said he did not realize what he was doing when he married her."   J. F. Dance testified that he was a minister of the gospel and that he had three or four licenses, and "remembered signing the record," and remembered marrying J. P. Tucker to Willie Mae Cash, from having possession of the licenses.   This witness further swore that aside "from the record," he did not know whom he married; that he did not know who procured the license and had no independent knowledge of whom he married; and that "that man's face right there looks familiar."   This witness also testified:   "Except for the solicitor's suggesting by looking at this man, there wouldn't be anything to suggest to me that he is or is not the man I married, except an almost forgotten fragment of memory concerning the time.   In my opinion, I have seen this man somewhere before, and I wouldn't know where, . . if I had seen the man on the street,

but here, under the circumstances, it refreshes my mind concerning his face to see his face." Next, the records of the two alleged marriages were admitted in evidence. The defendant made the following statement to the jury: "I am not guilty of two wives; I am guilty of one, but I was certainly forced to it. . . About two months after I started going with this girl they forced me to marry her. I did not sign that license, and I don't figure it should be legal. I was taken one night to Mr. A. L. Ellis' and the girl's mother signed the license; knowing what my name is, she signed the name Lawson." E. T. Kutz swore: "I am father of Alice Kutz. When I heard this man married the Cash girl, I swore out this warrant. I did not have a talk with him after that in jail. My daughter and he talked about it, and he never did say they were not married. Mr. Tucker said he could not deny marrying the girl, but he did not know what he done it for—why he done it. He made that statement in jail, where he was placed on a warrant I had issued for him, charging bigamy." The material part of Willie Neal's testimony is as follows: "I live in the house with John's father, Mr. Tucker. I know this man here by the name of Tucker. He lives in the house with his dad. Willie Cash lives with him. I don't know whether he married her or not. . . He introduced her as his wife: that is what they said when they come into the house. . . My wife is his sister, and she introduced her to me as John's wife, my sister-in-law. . . I did not hear him introduce her to anybody."

The only special ground of the motion for a new trial, which complains that the court erred in allowing defendant's wife to testify to her marriage to defendant "prior to the other alleged marriage of movant," is fatally defective, for the reason that it fails to show that the said evidence was objected to at the trial or that any motion was made to rule it out. It is a futile and a useless thing to assign error upon the admission of evidence when no sort of objection was made to it during the trial of the case. *Clare* v. *Drexler,* 152 *Ga.* 419 (5) (110 S. E. 176); *Holland* v. *Ryals,* 41 *Ga. App.* 280 (152 S. E. 852), and cit.

We do not agree with the statement in the brief of counsel for the plaintiff in error that the record does not disclose "evidence of any sort that the defendant ever married any other woman than the witness Mrs. Alice Kutz Lawson." Indeed, we are well satis-

fied from the record in this case that the jury were warranted in reaching a contrary conclusion to that of counsel. We will also state that, in our opinion, the conviction does not depend entirely upon the wife's testimony. In conclusion, we hold that the trial judge did not err in overruling the general grounds of the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*