## 27782. LEWIS v. TENNILLE BANKING COMPANY et al.

ARGUED MARCH 12, 1973 — DECIDED APRIL 16, 1973 — REHEARING DENIED MAY 10, 1973.

530

*Ruth Burns, Eva L. Sloan,* for appellant.

*D. E. McMasters, McMasters & Wommack, Casey Thigpen, Thomas A. Hutcheson,* for appellees.

JORDAN, Justice. We must reverse. Georgia has adopted the rule that where there is an interest and a power existing together in the same person or persons over property and there is a conveyance without express or implied reference to the power, such conveyance attaches only to the interest and not the power. This subject matter was fully discussed by Chief Justice Bleckley in *Terry v. Rodahan,* 79 Ga. 278 (5 SE 38, 11 ASR 420), and later by this court in *Mahoney v. Manning,* 133 Ga. 784 (66 SE 1082). From the discussion in these cases and the holding in *Holder v. American Investment &c. Co.,* 94 Ga. 640 (21 SE 897), in *New England Mortgage &c. Co. v.*

*Buice,* 98 Ga. 795 (26 SE 84), and other cases, we perceive the rule with regard to the intention to execute a power to appear (1) where there is a reference to the power in the instrument of conveyance, or (2) where there is a reference to the property which is the subject matter on which execution of the power is to operate, and (3) where the conveyance would have no operation, but would be utterly insensible and absurd, if it were not the execution of the power. An illustration of (3) above would be where the person executing the instrument had no individual interest in the premises, as was the case in *Terry v. Rodahan,* supra.

Appellee cites and relies on *Mahoney v. Manning,* supra, but the court in that case distinguished the holding there from the general rule by stating that when Mrs. Manning undertook to convey the fee, "expressly referring to the deed giving her power to do so, she impliedly referred to the power." For other cases dealing with this question, see *Patterson v. Gaissert,* 147 Ga. 472 (2) (94 SE 563); *Beecher v. Newton,* 157 Ga. 113 (3) (120 SE 779); *Middlebrooks & Co. v. Ferguson,* 126 Ga. 232 (2) (55 SE 34); *Mayo v. Harrison,* 134 Ga. 737 (68 SE 497); *Mathis v. Glawson,* 149 Ga. 752 (4) (102 SE 351); *Cannon v. Laing,* 153 Ga. 88 (2) (111 SE 565); *Prudential Investment &c. Co. v. Hilton,* 153 Ga. 415 (1) (112 SE 464); *Willie v. Hines-Yelton Lumber Co.,* 163 Ga. 64 (2) (135 SE 505).

The present case comes before us in the posture of an appeal from the grant of a summary judgment for the defendants. It is settled law that a defendant, as a movant for summary judgment, must pierce the claim of the plaintiff with respect to at least one essential element of recovery, and thus conclusively demonstrate that in fact and as a matter of law the plaintiff is not entitled to recover. As here applied, this would mean that the defendants must conclusively show in fact and as a matter of law that the security deed executed by Maggie

and Kate Lewis to the bank is to be construed as a conveyance including the exercise of the powers conferred upon them as co-executrices, notwithstanding the general rule of construction as heretofore applied in Georgia, that if there be an interest and power existing in the same person, over the same subject, and an act be done without particular reference to the power, it will be applied to the interest and not the power. This the defendants have not done, and the trial judge erred in granting summary judgment adverse to the plaintiff.

*Judgment reversed. All the Justices concur.*