### 30236. LEWIS v. WILLIFORD.

UNDERCOFLER, Presiding Justice.

Sara Lewis filed a complaint against Mrs. T. W. Williford in the Jefferson Superior Court seeking cancellation of a deed which she alleged to be a cloud on her title. The complainant-appellant contends that she acquired title to the land under the will of H. G. Lewis who bequeathed all of his real estate to his two sisters, Maggie and Kate Lewis, for life with the remainder interest vested in her. The codicil of the will provided, "it being my will and desire that my two sisters shall have and own my entire estate for and during their natural lives, with the right to handle, manage and control the same as they may see fit, and to dispose of any of my property as may be necessary to pay my debts, or for the purpose of providing for their support and maintenance, or for purposes of reinvestment, as provided in my original will, and whatever may remain in my estate at the death of the survivor of my two named sisters shall be divided between my two named nieces in the manner herein specified."

After the death of Maggie Lewis in 1969, Kate Lewis conveyed the property in question by warranty deed to Mrs. T. W. Williford for $1 and love and affection "in fee simple." The deed did not recite that the fee was conveyed under the power granted by the will of H. G. Lewis. See *Lewis v. Tennille Bkg. Co.*, 230 Ga. 529 (198 SE2d 172) (1973). Kate Lewis died in 1971. Mrs. Williford contends that the consideration for the deed was services rendered to the sisters. By affirmative defense she prayed the deed be reformed to show it was issued under the power of sale in said will for the support and maintenance of Maggie

Lewis and Kate Lewis.

After trial the jury answered certain written questions submitted to it by the court. It found a mutual mistake and that the deed should be reformed to grant Mrs. Williford a fee simple title. The court thereupon reformed the deed to show it was issued under the power and decreed fee simple title in Mrs. Williford.

Sara Lewis appeals to this court. *Held:*

1. The principle issue here is whether the evidence is sufficient to support the judgment finding a mutual mistake and reforming the deed in controversy to show that it was executed under the power granted to Kate Lewis by the will of H. G. Lewis. If it is, then the deed as reformed will expressly refer to the power and the principle discussed in *Lewis v. Tennille Bkg. Co.,* supra, has no application in this case.

Equity may reform the deed in this case upon proper evidence. See *Clarke v. East Atlanta Land Co.,* 113 Ga. 21, 30 (38 SE 323) (1901). "Mistake relievable in equity is some unintentional act, or omission, or error, arising from ignorance, surprise, imposition, or misplaced confidence. This power shall be exercised with caution, and to justify it the evidence shall be clear, unequivocal, and decisive as to the mistake." Code § 37-202. "For a mistake to be relievable in equity by reformation, it must be mutual, or else mistake on the part of one to the contract and fraud on the part of the other." *Yablon v. Metropolitan Life Ins. Co.,* 200 Ga. 693, 704 (38 SE2d 534) (1946). "A petition for reformation of a written contract will lie where by mistake of the scrivener and by oversight of the parties, the writing does not embody or fully express the real contract of the parties." *McLoon v. McLoon,* 220 Ga. 18 (1a) (136 SE2d 740) (1964). In our opinion the evidence here is sufficient to support a finding of mutual mistake and the reformation of the deed.

2. We find no harmful error here in the scrivener of the deed testifying on cross examination that she tried to prepare the deed as instructed and that she "tried to put down in language what she intended." This is favorable to appellant who is relying upon the deed. Appellee's position is that the scrivener did not "put down" what was intended.

3. There was no error in refusing to allow the complainant to testify as to the vagueness of the deed's description. The deed spoke for itself. *Miller v. Rackley,* 199 Ga. 370 (1) (34 SE2d 438) (1945).

4. "The declarations and entries by a person, since deceased, against his interest, and not made with a view to pending litigation, shall be admissible in evidence in any case." Code § 38-309. The evidence complained of was admissible because, if believed, it disposed of Kate Lewis' power to sell said property for her support and maintenance. See also *Shackelford v. Orris,* 135 Ga. 29 (68 SE 838) (1910).

5. We find no error in the court's failure to charge specifically on certain hearsay evidence which was stricken on motion. At the time the evidence was stricken the trial judge informed the jury concerning the inadmissibility of hearsay evidence and appellant made no further objection or request to charge.

6. The testimony of the defendant concerning transactions with the deceased grantor was not inadmissible under Code Ann. § 38-1603 in this suit. *Lifsey v. Mims,* 193 Ga. 780 (2) (20 SE2d 32) (1942).

7. We have reviewed the instructions of the trial judge when ruling on certain objections to evidence and find that they were not prejudicial.

8. We find no error in defendant's counsel exhibiting and reading to the jury the questions which the court submitted to the jury for answer, nor do we find any error in the instruction of the court in submitting such questions to the jury. The court was merely requiring the jury to return a special verdict in the form of a written finding upon issues of fact. Code Ann. § 81A-149 (a).

9. There was no error in denying a complainant's motion for summary judgment nor in denying complainant's motion for a directed verdict. There were genuine issues of fact in the case.

10. The trial judge is invested with absolute authority in the issuance of a certificate of appealability of the denial of a motion for summary judgment under Code Ann. § 81A-156 (h) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238).

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 3, 1975 — DECIDED NOVEMBER 4, 1975 —
REHEARING DENIED NOVEMBER 24, 1975.

*Eva L. Sloan,* for appellant.
*Lanier, Powell, Cooper & Cooper, Jack L. Cooper,* for appellee.